## COMMONWEALTH OF VIRGINIA

## V.

## JAMES M. WOODWARD

Record No. 940140

January 13, 1995

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy and Hassell, JJ.,
and Cochran, Retired Justice

*W. Mark Dunn, Assistant Attorney General (James S. Gilmore, III, Attorney General; Gregory E. Lucyk, Senior Assistant Attorney General,* on brief) for appellant.
*Roger A. Ritchie (Roger A. Ritchie & Partners,* on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

The question for decision in this appeal is whether a prisoner performing inmate labor on a road crew is an "employee" of the Commonwealth of Virginia within the meaning of the Virginia Workers' Compensation Act (the Act).

Appellee James M. Woodward, a convicted felon and an inmate in a State Correctional Unit in Clarke County operated by the Virginia Department of Corrections, sustained a work-related injury in September 1990 in Warren County. The injury occurred while the convict was trimming a tree beside a secondary highway as part of a ten-man "gun gang," pursuant to an agreement between the Department of Corrections and the Virginia Department of Transportation.

Subsequently, the convict applied to the Workers' Compensation Commission for benefits under the Act, alleging he suffered a compensable injury. Following a hearing, a deputy commissioner decided that the claimant was entitled to benefits as an "em-

ployee" of the Commonwealth. Upon review, the full Commission held that the claimant was not an employee of the Commonwealth when he was injured. Thus, the Commission reversed and vacated the deputy's award.

The claimant appealed, and a panel of the Court of Appeals ruled that claimant was an employee of the Commonwealth at the time of the injury, reversed the Commission, and remanded the case. *Woodward* v. *Commonwealth*, 17 Va. App. 526, 438 S.E.2d 777 (1993). We accepted jurisdiction and awarded the Commonwealth this appeal because the decision of the Court of Appeals involves a matter of significant precedential value. Code § 17-116.07(B).

■ At the outset, we will dispose of a procedural issue. The Attorney General, on behalf of the Commonwealth, has attached a 44-page "Addendum" to the appellant's opening brief. This addendum contains Department of Corrections' rules on the subjects of "Good Conduct Allowance," "Institutional Classification Management," and "Inmate Discipline." None of these documents was submitted in any of the proceedings below. Granting the claimant's motion to strike the addendum, we will disregard it.

■ Equating the rules set forth in the addendum to the "law of this Commonwealth" and relying on Code § 8.01-386 (in any civil action, court shall take judicial notice of the law), the Attorney General argues that we must take notice of the rules. We do not agree. Even assuming the rules have the force of law, an issue we do not decide, an appellate court may not take judicial notice of such documents when they were not relied upon before the court or commission below. *See Stevens* v. *Mirakian*, 177 Va. 123, 129, 12 S.E.2d 780, 782 (1941).

The relevant facts are undisputed. At the time of his injury, the claimant was incarcerated for a 1989 felony conviction and was in custody of the Department of Corrections, assigned to a correctional unit. Prior to incarceration, the claimant worked as a tree trimmer. He was given other duties while a prisoner, but asked to be assigned to a "gun gang" that worked on state roads. The Department of Corrections granted this request, pursuant to its program to give prisoners the opportunity to request the kind of work suitable to their skills.

When injured, claimant was not on a work release program under Code § 53.1-60; he was working pursuant to a statutorily authorized arrangement between the Department of Corrections

and the Department of Transportation. Code § 53.1-56 provides that persons in the custody of the Department of Corrections shall, so far as practicable, be employed in the construction and maintenance of the State's system of highways. The statute also provides that the transportation department may make requisition upon the corrections department for the number of prisoners necessary to perform road construction and maintenance. When a road crew was assembled at a work site, a representative of the Department of Transportation supervised the work and an armed correctional officer was in charge of security.

Code § 53.1-57 provides that the transportation department shall pay monthly to the corrections department an amount agreed upon by the two agencies for the hours prisoners are so employed. At the time of this incident, the rate of payment was $2.00 per hour for each person in the road gang.

Code § 53.1-43 authorizes the establishment of a system of pay incentives for prisoners. Pursuant to an Inmate Pay System adopted by the Department of Corrections, prisoners working on road crews were paid individually a token sum for work performed, which sum was credited to the inmate's personal account at the correctional facility. The claimant was paid at the rate of 27 cents per hour. The record shows that the "going rate" for tree trimmers in the private sector ranged from $10.50 to $14.00 per hour. At the time of the accident, inmates from the correctional facility were being used to do the work in lieu of private contractors retained by the Department of Transportation.

The Court of Appeals ruled the claimant "worked pursuant to an agreement that contained all of the elements of a contract." *Woodward*, 17 Va. App. at 529, 438 S.E.2d at 779. The court said the two state agencies "unequivocally offered" the claimant "a paid position trimming trees;" he "verbally accepted the offer;" the agencies "acknowledged his acceptance by putting him to work on a road gang;" and there was "sufficient consideration" because if he "chose to work, he was paid 27 cents an hour" but if "he did not work, he was not paid." *Id.* The court held that because prisoners in Virginia "are not legally incompetent to enter into contracts," citing *Dunn v. Terry*, 216 Va. 234, 239, 217 S.E.2d 849, 854 (1975), and because the inmate's "contractual employment is not specifically excluded" under the Act, the claimant is entitled to workers' compensation. *Woodward*, 17 Va. App. at 531, 533, 438 S.E.2d at 780, 781.

On appeal, urging affirmance of the Court of Appeals' judgment, the claimant argues that, although a prisoner, he "could contract to perform services with an agency of the Commonwealth and was thus entitled to be covered" by the Act. He contends the Court of Appeals correctly found that he worked pursuant to an agreement containing all the elements of a contract, an offer and an acceptance supported by valid consideration. He argues that once he voluntarily agreed to work during incarceration, he was under the "control" of state employees and was paid for his services, thus becoming an "employee" in every sense of the word. We do not agree with the claimant.

■ A claimant must be an "employee" to be eligible for compensation under the Act. Former Code § 65.1-4 (now § 65.2-101), in effect at the time of claimant's injury, defined "employee" under the Act to include "every person . . . in the service of another under any contract of hire . . . , written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer." The pivotal question then becomes whether prisoners in Virginia, who are not on a work release program, are capable of making a true contract of hire with the Commonwealth or any of its agencies. We answer that query in the negative.

Generally, convicts and prisoners not on work release have been denied compensation for injuries sustained while performing inmate labor under the supervision and control of correctional authorities. "The reason given is that such a convict cannot and does not make a true contract of hire with the authorities by whom he is confined. The inducements which might be held out to him, in the form of extra food or even money, are in no sense consideration for an enforceable contract of hire." 1B Arthur Larson, *The Law of Workmen's Compensation* § 47.31(a) (1993).

■ We adopt this reasoning and agree with the Workers' Compensation Commission that this claimant, as a prisoner in Virginia's corrections system, "was a ward of the state under control of the Department of Corrections at the time of his injury. As a prisoner under sentence, he was not at liberty to contract unilaterally for personal services with either the Department of Corrections or the Department of Transportation. As a prisoner, he was given limited opportunity within the rules and confines of the correctional system to request particular work and to earn a limited

sum dependent upon specific assignment by the Department of Corrections."

■ As the Commission pointed out, the Department of Corrections is in the business of providing housing and furnishing correctional and rehabilitative services to criminals. When the Department, as authorized by statute, makes an agreement with another state agency and assigns an inmate to specific work, the Department acts within its statutory correctional responsibilities and does not act as an employer of the inmate.

■ Accordingly, we hold that because the claimant was not a person in the service of another under a true contract of hire at the time of his injury, he was not an "employee" of the Commonwealth, or either of its agencies, within the meaning of former § 65.1-4 of the Act. Hence, he is not entitled to benefits under the Act, and the Court of Appeals erred in ruling to the contrary.

Consequently, the judgment below will be reversed and the claimant's application for benefits will be dismissed.*

*Reversed and dismissed.*

---

\* In 1993, the General Assembly enacted Code § 53.1-32.1. Acts 1993, ch. 768. That statute, *inter alia*, provides for an inmate classification system to determine "appropriate . . . work activities and employment" for prisoners. § 53.1-32.1(A). The statute specifically provides that inmates so employed "shall not be deemed employees of the Commonwealth of Virginia or its agencies" and shall be ineligible for benefits under the Workers' Compensation Act. § 53.1-32.1(F).