PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Decker
Argued at Chesapeake, Virginia

TONY WILLIAMS

                                                        OPINION BY
v.        Record No. 1730-13-1           JUDGE RANDOLPH A. BEALES
                                                        JUNE 10, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Tony Williams (appellant) was found guilty of one count of possession of a Schedule I or

II substance with intent to distribute (third offense) in violation of Code § 18.2-248(C).

Appellant argues that the trial court erred in finding that it had venue over the offense on the

ground that the evidence did not establish a strong presumption that the offense was committed

within the City of Norfolk, the territorial jurisdiction of the trial court.  We hold that the trial

court did not err when it found that it had venue over the offense, and, accordingly, for the

following reasons, we affirm appellant's conviction for possession of a Schedule I or II

substance with intent to distribute (third offense).

I. BACKGROUND

We consider the evidence on appeal "'in the light most favorable to the Commonwealth

as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60

Va. App. 381, 391, 728 S.E.2d 499, 504 (2012) (quoting Riner v. Commonwealth, 268 Va. 296,

330, 601 S.E.2d 555, 574 (2004)).  In this case, Investigator Issoufou Boubacar of the Norfolk

Police Department conducted an undercover drug transaction. When Investigator Boubacar approached appellant at the 1700 block of O'Keefe Street, which Boubacar testified is in the City of Norfolk, he told appellant that he was looking for "hard" – which, according to the investigator's testimony, is a street name for crack cocaine. Appellant agreed to assist Investigator Boubacar in buying some "hard," and he indicated that the two of them would need to drive to the 800 block of Fremont Street.

Investigator Boubacar testified that the 800 block of Fremont Street was "over there," relative to the 1700 block of O'Keefe Street in Norfolk.[1] When appellant and Investigator Boubacar arrived at the 800 block of Fremont Street, appellant asked Investigator Boubacar what quantity of crack cocaine he wanted to buy. Investigator Boubacar told appellant that he was seeking $20 worth of crack cocaine. Investigator Boubacar gave appellant $20, appellant contacted another unnamed individual, and appellant returned to the vehicle and handed Investigator Boubacar two plastic bags of what turned out to be crack cocaine. After appellant handed the crack cocaine to Investigator Boubacar, appellant instructed Investigator Boubacar to drive back to the 1700 block of O'Keefe Street. Upon arriving at the 1700 block of O'Keefe Street, appellant was arrested.

At the conclusion of the Commonwealth's evidence, appellant made a motion to strike on two grounds. First, appellant moved to strike on the ground that the City of Norfolk was an improper venue for the trial, arguing that the Commonwealth's evidence never established where the 800 block of Fremont Street is located.[2] Second, appellant moved to strike on the ground

---

[1] During his testimony, Investigator Boubacar indicated that the 1700 block of O'Keefe Street was "in the City of Norfolk." Investigator Boubacar did not indicate – and the Commonwealth did not attempt to elicit – where the 800 block of Fremont Street was located.

[2] The issue of venue is properly raised by a motion to dismiss the indictment, rather than a motion to strike the evidence. Kelso v. Commonwealth, 57 Va. App. 30, 36 n.4, 698 S.E.2d 263, 266 n.4 (2010). Nonetheless, the Commonwealth has not argued on appeal that appellant

that the Commonwealth had failed to establish a proper chain of custody.[3] As to the venue argument, the Commonwealth argued that the trial court should take judicial notice of the location of the 800 block of Fremont Street, stating, "I think it's reasonable for the Court to take judicial notice that they were still within the City of Norfolk" when the drug transaction took place. The trial court overruled both of appellant's motions at the conclusion of the parties' arguments, stating, "I overrule the motions."

## II. ANALYSIS

"Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. "Proof of venue 'is not a part of the crime.'" Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 712 (2008) (quoting Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944)); see also Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 414 (2010) (explaining that venue, "while important to the orderly conduct of litigation, is not a matter affecting the merits of the trial" and that determining the proper venue "is not an element of the crime that must be shown beyond a reasonable doubt to sustain a conviction"). In order to establish a proper venue, "it is enough that the evidence, direct or circumstantial, raises a 'strong presumption' that the crime occurred within the territorial jurisdiction of the court." Morris, 51 Va. App. at 469, 658 S.E.2d at 713 (internal quotation marks and citations omitted); see Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

---

was required to challenge venue with a motion to dismiss the indictment rather than a motion to strike.

[3] The chain of custody argument is not before this Court on appeal.

"Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact." Scafetta v. Arlington County, 13 Va. App. 646, 648, 414 S.E.2d 438, 439 (citations omitted), aff'd on reh'g, 14 Va. App. 834, 425 S.E.2d 807 (1992); see Williams v. Commonwealth, 190 Va. 280, 291, 56 S.E.2d 537, 542 (1949) (describing judicial notice as "a rule of necessity and public policy in the expedition of trials" that avoids "the formal introduction of evidence in certain cases where there is no need for such evidence"). A trial court may take judicial notice of facts that are either (1) so "generally known" within the jurisdiction or (2) so "easily ascertainable" by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute. Taylor v. Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d 113, 116 (1998) (citing Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978). "'The fact of judicial notice must appear from the record.'" Id. at 7, 502 S.E.2d at 116 (quoting Sutherland v. Commonwealth, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988)). It is not necessary, however, that the trial court use the words "judicial notice." See id.; see also Dillard v. Commonwealth, 28 Va. App. 340, 347, 504 S.E.2d 411, 414 (1998).

Under settled principles of appellate review, this Court must "also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence" because the Commonwealth prevailed at trial. Riner, 268 Va. at 303, 601 S.E.2d at 558. In this case, the record supports the inference that the trial court took judicial notice of the fact that the 800 block of Fremont Street is located within the City of Norfolk. The issue of judicial notice was specifically before the trial court, and, given the nature of the arguments below, the record supports the conclusion that the trial court must have denied appellant's venue motion on the specific basis of judicial notice.

The Commonwealth's argument in response to appellant's motion attacking proof of venue was *centered* on the prosecutor's assertion that the trial court could take proper judicial notice that the 800 block of Fremont Street referenced by Investigator Boubacar is in the City of Norfolk. The prosecutor supported this argument in part by asserting, based on Investigator Boubacar's testimony, that the 1700 block of O'Keefe Street is "a relatively short drive" from the 800 block of Fremont Street. Thus, the claim of a tight geographical nexus between the 800 block of Fremont Street and the 1700 block of O'Keefe Street in Norfolk was raised by the Commonwealth to the trial judge, who, of course, presides over cases arising in the City of Norfolk. Appellant's counsel never objected to this line of argument by the prosecutor and never argued that Fremont Street extended into jurisdictions other than Norfolk – and based on the trial court's ruling, we may infer on appeal that the trial court accepted it and accorded it significant weight. See Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008) (holding that an appellate court's examination of the evidence "is not limited" to the evidence or circumstances mentioned "by the trial court in its ruling"); see also West v. Commonwealth, 125 Va. 747, 750, 99 S.E. 654, 654-55 (1919) ("The failure clearly to prove venue is usually due to inadvertence, flowing naturally from the familiarity of court, counsel, witnesses and jurors with the locality of the crime, and appellate courts will generally and properly lay hold of and accept as sufficient any evidence in the case, direct or otherwise, from which the fact may be inferred." (internal quotation marks and citation omitted)).

Thus, the circumstances in this case are readily distinguishable from those in Keesee, 216 Va. at 174, 217 S.E.2d at 808, another case involving proof of venue and judicial notice. In Keesee, the record proved that the offense occurred on the property of "Hill's Department Store" but did not establish where the department store was located or "reveal even the street on which the store is located." Id. at 175, 217 S.E.2d at 810; see also Sutherland, 6 Va. App. at 380, 368

- 5 -

S.E.2d at 296 (where the victim did not specify in which city or county her residence was located, the victim testified only that she called "the police," and police officers from two different counties investigated the charged offense). By contrast, the record here establishes that the offense occurred in the 800 block of Fremont Street and supports the inference that this location was close to the 1700 block of O'Keefe Street – which no one disputes is in the City of Norfolk.

Based on the nature of the Commonwealth's argument and the trial court's ruling, the only logical conclusion is that the trial court, in response to the venue challenge, actually took judicial notice that the 800 block of Fremont Street is in Norfolk. This Court's reasoning in Harris v. Commonwealth, Rec. No. 2199-05-2, 2006 Va. App. LEXIS 493 (Va. Ct. App. Oct. 31, 2006), although contained in an unpublished decision, is instructive here. In Harris, the defendant argued on appeal that the trial court erred in finding the evidence was sufficient to establish venue in Henrico County. Id. at *1-2. In reversing the trial court's determination that venue in Henrico County was proper, this Court noted, "Nothing in the instant record indicates the trial judge took judicial notice of the location of the [store at issue]. *The Commonwealth did not ask the trial judge to take judicial notice*, and in resolving the issue of venue, the trial judge merely stated, 'I think there's enough.'" Id. at *7 (emphasis added) (footnote omitted).

In this case, however, the Commonwealth clearly *did* ask the trial court to take judicial notice of the location of the 800 block of Fremont Street as being in the City of Norfolk.[4] In

---

[4] Here, the prosecutor *specifically* asked the trial court "to take judicial notice that they [appellant and Investigator Boubacar] were still within the City of Norfolk" when the charged offense was committed. Given the specific nature of the prosecutor's request here, the outcome of this appeal certainly is not controlled by the decision in Edmonds v. Commonwealth, 43 Va. App. 197, 597 S.E.2d 210 (2004), which involved very different circumstances. In Edmonds, the defendant was charged with failing to appear at a court hearing. In response to the defendant's motion to strike asserting that there was no proof that the defendant had received notice of the prior hearing, the Assistant Commonwealth's Attorney asserted that the trial court "can take judicial notice of its records at any time" – without indicating *what specific facts* the

addition, when overruling appellant's dual motion to strike, the trial court indicated that it was overruling the *motions* – including the motion to strike as to venue, against which the Commonwealth had asked the trial court to take judicial notice of the proper venue. Thus, the trial court considered – and rejected – appellant's chain of custody argument *and* appellant's venue argument, and it can be safely inferred from the record that the trial court took judicial notice of the location of the 800 block of Fremont Street as being in Norfolk when it overruled the motion challenging venue.[5]

### III. CONCLUSION

In this case the trial court implicitly took judicial notice of the fact that the 800 block of Fremont Street is located within the City of Norfolk, as the Commonwealth had requested it to do in response to appellant's motion claiming that Norfolk was not the proper venue.[6] Thus, the

---

Commonwealth wanted to be judicially noticed. The trial court summarily denied the motion to strike without making any findings. Id. at 199-202, 597 S.E.2d at 211-12. On appeal, this Court reversed the conviction, holding, "Here, although the arguments of both parties establish that the issue of judicial notice was before the court, no statement of the trial court clearly demonstrates that it took judicial notice of the fact sought to be proved, *i.e. the date and time of the hearing*." Id. at 202, 597 S.E.2d at 212 (emphasis added). In support of that conclusion, this Court explained that a trial court's need "to identify the fact it is noticing is 'particularly necessary'" when a document "'from which any number of distinct facts might be drawn, is the object of the notice.'" Id. at 202, 597 S.E.2d at 213 (quoting Colonial Leasing Co. v. Logistics Control Group International, 762 F.2d 454, 459 (5th Cir. 1985)). By contrast, there is no ambiguity here pertaining to the specific fact that the prosecutor sought to have established (i.e., the location of the 800 block of Fremont Street as being in Norfolk) through the trial court's authority to take judicial notice of that same fact.

[5] We note also that the following factors establish a strong presumption that the offense in this case was committed in the City of Norfolk: the offense began in Norfolk in the 1700 block of O'Keefe Street; Investigator Boubacar of the Norfolk Police Department indicated that he and appellant went "over there" from the 1700 block of O'Keefe Street to the 800 block of Fremont Street; and appellant was arrested in the City of Norfolk.

[6] Although we need not address the point in great detail, we too have the discretionary power to take judicial notice of the official municipal street maps of the City of Norfolk. See generally Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 3-7, at 204 (7th ed. 2012) ("The general Virginia doctrine is that judicial notice may be taken at any stage of the proceedings, whether in trial court or on appeal."). See, e.g., Buttery v. Robbins, 177 Va. 368,

required strong presumption that the offense occurred in Norfolk has been established. The trial

court did not err in convicting appellant of possession of a Schedule I or II substance with intent

to distribute, and, accordingly, we affirm appellant's conviction.

Affirmed.

374, 14 S.E.2d 544, 546 (1941) (The Virginia Supreme Court took judicial notice – for the first time in the litigation of the case – of the fact that "Skyline Drive is in the Shenandoah National Park" because "[t]hat is a matter of common knowledge, known to everybody else. We should not hold that we alone are in ignorance of that fact."). See also Keesee, 216 Va. at 175, 217 S.E.2d at 810 (explaining that "[t]he venue facts proved may be aided by judicial notice of geographical facts that are either matters of common knowledge or shown by maps of common use"). Cf. Shelton v. Sydnor, 126 Va. 625, 638, 102 S.E. 83, 88 (1920) (explaining that even though the record did not disclose the population of Hanover County, the court could rely on the most recent United States census as the basis for taking judicial notice); Lakeside Inn Corp. v. Commonwealth, 134 Va. 696, 699, 114 S.E. 769, 770 (1922) (taking "judicial notice of the fact that January 8, 1922 . . . fell on Sunday," without citing a basis of knowledge for its finding); Kirkpatrick v. Bd. of Supervisors, 146 Va. 113, 123-24, 136 S.E. 186, 189 (1926) (taking "judicial notice of the fact that Arlington County is the only county in Virginia which has a population of more than 300 per square mile . . ." without citing a basis of knowledge for its finding); King v. Arlington County, 195 Va. 1084, 1087, 81 S.E.2d 587, 589 (1954) (explaining that the court would take judicial notice of the fact that "Arlington County is a thickly settled urban community with a population of 135,449 according to the 1950 United States census"). In addition, the newly codified Virginia Rules of Evidence state, "Judicial notice may be taken at any stage of the proceeding." Rule 2:201(b).