PRESENT: Lemons, C.J., Goodwyn, Millette, Mims, McClanahan, and
Powell, JJ., and Koontz, S.J.

TONY WILLIAMS

OPINION BY
v.  Record No. 141046    CHIEF JUSTICE DONALD W. LEMONS
                         April 16, 2015
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred by "inferring" that the trial court took judicial notice that the situs of an offense was within its territorial jurisdiction.  We also consider under what circumstances an appellate court may properly take judicial notice of a fact not clearly noticed in the trial court.  Finally, we decide whether the evidence was sufficient to prove venue in this case.

I.  Facts and Proceedings

The appellant, Tony Williams ("Williams"), was tried in the Circuit Court of the City of Norfolk ("trial court") and convicted of possession with intent to distribute cocaine (third offense) in violation of Code § 18.2-248.  At trial, Norfolk Police Investigator Issoufou Boubacar ("Investigator Boubacar") testified that he was working as an undercover narcotics officer on the night of March 1, 2013, when he came into contact with Williams in the 1700 block of O'Keefe Street, which he testified is located in the City of Norfolk.

Investigator Boubacar told Williams he wanted to buy "hard"[1] cocaine, and Williams "agreed to assist . . . in buying [the] crack cocaine."

Williams got into Investigator Boubacar's vehicle and instructed him "to drive to the 800-block of Fremont Street." Investigator Boubacar testified that the two men "drove over there." Once they arrived, Investigator Boubacar told Williams he wanted to buy 20 dollars' worth of cocaine and gave Williams 20 dollars of "Norfolk City recorded money."

Investigator Boubacar watched Williams get out of the vehicle and meet another man to make the purchase. Williams and the other individual were approximately 10 to 15 feet away from Investigator Boubacar during the transaction. When Williams returned to the vehicle, he handed Investigator Boubacar "two plastic [bags] containing [an] off-white hard substance," which later testing confirmed to be approximately 0.2 grams of cocaine, a Schedule II controlled substance. Williams then instructed Investigator Boubacar to return to the 1700 block of O'Keefe Street. When Investigator Boubacar and Williams returned to that location, an arrest team took Williams into custody.

---

[1] Testimony explained that "hard" is a street name for crack cocaine.

At the conclusion of the Commonwealth's evidence, Williams moved to strike on two grounds: (1) that the Commonwealth failed to present sufficient evidence to establish chain of custody[2] and (2) that the Commonwealth failed to prove venue.[3] Williams argued that the Commonwealth failed to establish venue because, while Investigator Boubacar testified that the initial place of meeting – the 1700 block of O'Keefe Street – was in Norfolk, the Commonwealth never proved that the 800 block of Fremont Street was also located within the corporate limits of the City of Norfolk. Williams maintains that the evidence established that all the elements of the offense were committed in the 800 block of Fremont Street, therefore, the evidence was insufficient to prove venue.

The Commonwealth responded by arguing that Investigator Boubacar's testimony was sufficient for the trial court to take judicial notice of venue, stating, "I think it's reasonable for the Court to take judicial notice that [Investigator Boubacar and Williams] were still within the City of Norfolk" when the drug transaction took place because Investigator Boubacar had testified "to initially coming into contact with the defendant

_____

[2] This question is not before the Court.
[3] While want of venue is properly raised by a motion to dismiss the indictment, we have impliedly upheld the use of a motion to strike the evidence to challenge venue. See Randall v. Commonwealth, 183 Va. 182, 185, 31 S.E.2d 571, 572 (1944). In the present case, the Commonwealth has not challenged the procedural mechanism used in raising this issue.

3

in the City of Norfolk on O'Keefe Street, and . . . to the relatively short drive to Fremont Street."  The trial court overruled both motions to strike at the conclusion of the parties' arguments, stating, "I overrule the motions," without commenting on judicial notice.

Williams presented no evidence and renewed his motions to strike, which the trial court again denied.  The court immediately thereafter found the defendant guilty of the offense and ordered a presentence report.  On August 16, 2013, following presentation of the presentence report, the trial court sentenced Williams to ten years' imprisonment, and an additional one year suspended conditioned on one year of post-release supervision.

Williams appealed to the Court of Appeals and assigned error to the trial court's finding that the Commonwealth presented sufficient evidence to establish venue.  In a published opinion, the Court of Appeals affirmed Williams's conviction, holding that it could infer that the trial court had taken judicial notice of the fact that the 800 block of Fremont Street is located within the corporate limits of the City of Norfolk and, therefore, the evidence was sufficient to prove venue.  Williams v. Commonwealth, 63 Va. App. 458, 466-67, 758 S.E.2d 553, 557 (2014).  The Court of Appeals held that while the trial court never explicitly stated that it was

4

taking judicial notice of the fact that the 800 block of Fremont Street was in Norfolk, in overruling William's motion to strike on venue, the Commonwealth specifically requested the trial court to do so and, therefore, it "can be safely inferred" that the trial court took judicial notice of that fact. Id. at 466, 758 S.E.2d at 557.

Williams appealed the judgment of the Court of Appeals to this Court, and we awarded an appeal on the following assignments of error:

1. The Court of Appeals erred in ruling that the trial court had taken judicial notice that the situs of the possession with intent to distribute was within the City of Norfolk and therefore within the territorial jurisdiction of the Court.

2. The Court of Appeals erred in finding that the trial court had venue over the offense of conviction because the evidence of record did not establish a strong presumption that the offense was committed within the territorial jurisdiction of the trial court.

## II.  Analysis

### A. Venue and Judicial Notice

The burden is on the Commonwealth to establish venue. Ware v. Commonwealth, 214 Va. 520, 522, 201 S.E.2d 791, 793 (1974).  A criminal charge cannot be sustained unless the evidence furnishes the foundation for a "strong presumption" that the offense was committed within the territorial jurisdiction of the court.  Harding v. Commonwealth, 132 Va.

5

543, 548, 110 S.E. 376, 378 (1922); Butler v. Commonwealth, 81 Va. 159, 163 (1885).

"The taking of judicial notice is generally within the discretion of the trial court." Ryan v. Commonwealth, 219 Va. 439, 446, 247 S.E.2d 698, 703 (1978). However, the question whether the Court of Appeals erred by inferring that the trial court took judicial notice that the situs of the offense was within the corporate limits of the City of Norfolk is a mixed question of law and fact, which this Court reviews de novo. See Commonwealth v. Morris, 281 Va. 70, 76, 705 S.E.2d 503, 505 (2011)("We review questions of law de novo, including those situations where there is a mixed question of law and fact")(internal quotation marks and citation omitted).

"Judicial notice is a short cut to avoid the necessity for the formal introduction of evidence in certain cases where there is no need for such evidence." Williams v. Commonwealth, 190 Va. 280, 291, 56 S.E.2d 537, 542 (1949). Whether a trial court will exercise its discretion to take judicial notice of a fact "depends partly on the nature of the subject, the issue, the apparent justice of the case, partly on the information of the court and the means of information at hand, and partly on the judicial disposition." Randall v. Commonwealth, 183 Va. 182, 186, 31 S.E.2d 571, 572 (1944).

It is well-established that a trial court may take "judicial notice of geographical facts that are matters of common knowledge, or shown by maps in common use."  McClain v. Commonwealth, 189 Va. 847, 853, 55 S.E.2d 49, 52 (1949).  Such notice may supplement other facts proved to establish venue, or in some circumstances, "the judge may, by judicial notice, dispense with proof" of venue.  See Randall, 183 Va. at 188, 31 S.E.2d at 573 (holding that a trial court did not abuse its discretion in taking judicial notice of the fact that the half-way house referred to in evidence was located in York County, because the trial court's "certificate [was] a statement that its location in that county was a matter of wide public knowledge" within the limits of that court's territorial jurisdiction).

i.   Taking Judicial Notice in Trial Court

In Keesee v. Commonwealth, 216 Va. 174, 217 S.E.2d 808 (1975), the evidence at trial proved that all of the offenses took place at "'Hill's Department Store' and on its adjacent parking lot" but no evidence was offered to prove that "Hill's Department Store" was located in the City of Lynchburg.  216 Va. at 175, 217 S.E.2d at 809-10.  We recognized that geographical facts that are matters of common knowledge in a jurisdiction can be judicially noticed, but stated that in this case "the record fail[ed] to show that the trial court took

7

judicial notice of the location of the store property." Id. at 175, 217 S.E.2d at 810. Because the record failed to show that judicial notice of the store's location had been taken by the trial court, the evidence was insufficient to establish venue, and the conviction was reversed and remanded. Id.

As the Court of Appeals has correctly observed, Keesee stands for the proposition that

> [while] a trial court need not intone the words "judicial notice" in order to notice a fact, the evidence, the arguments of the parties and the statements of the trial court must demonstrate clearly that the trial court has taken judicial notice of the fact before a party may rely upon such notice on appeal.

Edmonds v. Commonwealth, 43 Va. App. 197, 201, 597 S.E.2d 210, 212 (2004)(quoting Dillard v. Commonwealth, 28 Va. App. 340, 346-47, 504 S.E.2d 411, 414 (1998)); see also Sutherland v. Commonwealth, 6 Va. App. 378, 383, 368 S.E.2d 295, 298 (1988).

Turning to the record in this case, the Commonwealth argued to the trial court:

> Investigator Boubacar did testify initially to coming into contact with the defendant in the City of Norfolk on O'Keefe Street, and I believe testified to the relatively short drive to Fremont Street. Based on that, Your Honor, I think it's reasonable for the Court to take judicial notice that they were still within the City of Norfolk.

(Emphasis added.) While the Commonwealth asked the trial court to take judicial notice "that [Investigator Boubacar and Williams] were still in the City of Norfolk" when the offense

8

occurred, the Commonwealth did not argue that the location of the 800 block of Fremont Street was a matter of common knowledge, nor did the Commonwealth request that the trial court take judicial notice that the address was located within the corporate limits of the City of Norfolk by reference to a map of common use. The Commonwealth argued that the evidence already in the record was sufficient for the trial court to find that venue had been established.

Because the trial court subsequently denied the motion to strike the evidence on venue without commenting on the issue of judicial notice, we are unable to discern whether the trial court decided to take judicial notice of the location of the offense, or whether the trial court simply accepted the Commonwealth's sufficiency argument on the issue of venue, based upon the evidence adduced from testimony.

Additionally, because the trial court did not indicate that it was taking judicial notice of the fact that the 800 block of Fremont Street was within its territorial jurisdiction, it deprived Williams of the opportunity to object to the trial court's action or dispute the accuracy of any "facts" noticed prior to the trial court's ruling on his motion. See Va. R. Evid. 2:201(c)(a party is entitled upon request "to an opportunity to be heard as to the propriety of taking judicial notice"). Cf. State Farm Mut. Auto. Ins. Co.

9

v. Powell, 227 Va. 492, 497, 318 S.E.2d 393, 395 (1984)(holding that the trial court erred in taking judicial notice sua sponte of certain facts that were not included in the parties' stipulation because "State Farm had no prior opportunity to be heard either to dispute the 'facts' or to object to the court's action"). Therefore, we hold that the Court of Appeals erred in inferring that the trial court had taken judicial notice that the situs of the offense was located within its territorial jurisdiction.

ii. Taking Judicial Notice in Appellate Court

While we have determined that we cannot hold that the trial court took judicial notice that the situs of the offense was within the City of Norfolk, that does not end our analysis. The Court of Appeals also observed in a footnote, and the Commonwealth has argued on appeal to this Court, that an appellate court also "has the discretionary power to take judicial notice of the official municipal street maps of the City of Norfolk." Williams, 63 Va. App. at 466-67 n.6, 758 S.E.2d at 557 n.6.

Rule 2:201(b) states: "Judicial notice may be taken at any stage of the proceeding." We have recognized that appellate courts may take judicial notice of geographical facts that are so well known that they are matters of common knowledge in the Commonwealth. See, e.g., Buttery v. Robbins, 177 Va. 368, 374,

10

14 S.E.2d 544, 546 (1941)(taking judicial notice that the "Skyline Drive is in the Shenandoah National Park" because "[t]hat is a matter of common knowledge").  However, as we stated in Keesee, there is a range of procedural postures in which issues arise, and the existence of differing records, and hence some geographical facts will not be the subject of judicial notice on appeal.  See 216 Va. at 175, 217 S.E.2d at 810 (reversing conviction because the record did not show that the location of "Hill Department Store" was a "matter of common knowledge susceptible of being judicially noticed").  We have also declined to take judicial notice of certain documents when they were not relied upon in the trial court.  See Commonwealth v. Woodward, 249 Va. 21, 23, 452 S.E.2d 656, 657 (1995).

The fact that the 800 block of Fremont Street is in the City of Norfolk is not a matter of common knowledge susceptible of being judicially noticed by this Court.  While it is true that a street address is a geographical fact that is typically ascertainable by reference to a map of common use, no map was proffered or referenced in the trial court.  In this case we will not exercise our discretion to take judicial notice.

## B. Sufficiency of the Evidence

On appeal, we review "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to

11

support the [trial court's] venue findings."  Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).

Code § 19.2-244 provides that "the prosecution of a criminal case shall be had in the county or city in which the offense was committed."  As noted earlier, the Commonwealth has the burden "to prove venue by evidence which is either direct or circumstantial."  Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980).  Such evidence, when viewed in the light most favorable to the Commonwealth, must give rise to a "'strong presumption' that the offense was committed within the jurisdiction of the court."  Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007)(quoting Cheng, 240 Va. at 36, 393 S.E.2d at 604).

"The failure to clearly prove venue is usually due to inadvertence, flowing naturally from the familiarity of court, counsel, witnesses, and jurors with the locality of the crime"; therefore this Court "will generally and properly lay hold of and accept as sufficient any evidence in the case, direct or otherwise, from which the fact may be reasonably inferred."  Randall, 183 Va. at 187, 31 S.E.2d at 573 (quoting West v. Commonwealth, 125 Va. 747, 750, 99 S.E. 654, 654-55 (1919) and Byrd v. Commonwealth, 124 Va. 833, 839, 98 S.E. 632, 634 (1919)).

Neither the allegation of venue set forth in the indictment, nor the fact that the Norfolk police conducted the investigation in this case, standing alone, may support an inference that the crime took place within the trial court's territorial jurisdiction.  See Keesee, 216 Va. at 175, 217 S.E.2d at 810 ("The mere fact that the local police department was involved in the investigation of the crimes and that warrants recited proper venue, standing alone as they do here, will not suffice.").

The Commonwealth failed to present evidence concerning whether the 800 block of Fremont Street, where Williams possessed and sold the crack cocaine, is located within the City of Norfolk.  Although the Commonwealth argued to the trial court that Investigator Boubacar had "testified to the relatively short drive to Fremont Street" from O'Keefe Street, the evidence does not support this argument.  Investigator Boubacar testified that he met Williams in the 1700 block of O'Keefe Street, in the City of Norfolk; that he and Williams "drove over there," – referring to the 800 block of Fremont Street; and that after the transaction was completed they returned to the 1700 block of O'Keefe Street, where an arrest team took Williams into custody.  Williams's signed confession introduced into evidence only indicates that he met Investigator Boubacar in the 1700 block of O'Keefe Street and

13

does not mention the 800 block of Fremont Street or whether the crime occurred within the City of Norfolk.  Nothing in the record indicates the distance between the two locations, the route of travel, or even the duration of the entire encounter.

Even with all reasonable inferences drawn in the light most favorable to the Commonwealth, we hold that this evidence was insufficient to create a "strong presumption" that the offense was committed in the City of Norfolk.  Therefore, the Commonwealth failed to meet its burden of proof regarding venue in this case.

### III.  Conclusion

The record does not clearly reflect that the trial court took judicial notice that the situs of the offense was within the corporate limits of the City of Norfolk, and absent such judicial notice, the evidence was insufficient to prove venue. Therefore, we will reverse the judgment of the Court of Appeals.

However, "[p]roof of venue . . . is not regarded as material, so far as the merits of the prosecution are concerned, and so the allegation of venue is not a part of the crime."  Randall, 183 Va. at 187, 31 S.E.2d at 573.  Because failure to offer proof establishing proper venue "did not stem from evidentiary insufficiency with respect to the guilt or innocence of the defendant," Pollard, 220 Va. at 726, 261

14

S.E.2d at 330, we will remand the case to the Court of Appeals with directions that it remand the case to the circuit court for a new trial, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

JUSTICE POWELL, with whom JUSTICE McCLANAHAN joins, dissenting.

I respectfully disagree with the majority's conclusion that the Court of Appeals erred by "inferring" that the trial court took judicial notice that the situs of the offense was within the City of Norfolk.  In my opinion, the trial court implicitly took judicial notice of venue by overruling Williams' motion to strike the Commonwealth's evidence after the Commonwealth stated the trial court could and should take judicial notice that the 800 block of Fremont Street is located within the boundaries of the City of Norfolk.

As the majority recognizes, the trial court did not need to explicitly state it was taking judicial notice of the location of Fremont Street.

> "[A] trial court need not intone the words 'judicial notice' in order to notice a fact, [however] the evidence, the arguments of the parties and the statements of the trial court must demonstrate clearly that the trial court has taken judicial notice of the fact before a party may rely upon such notice on appeal."

15

Edmonds v. Commonwealth, 43 Va. App. 197, 201, 597 S.E.2d 210, 212 (2004) (emphasis omitted) (quoting Dillard v. Commonwealth, 28 Va. App. 340, 347, 504 S.E.2d 411, 414 (1998)).  Here the evidence, the arguments of counsel, and the statements of the trial court all clearly demonstrate that the trial court took judicial notice of the location of the 800 block of Fremont Street.  Therefore, I would affirm the judgment of the Court of Appeals.

The evidence in this case shows that Norfolk Police Investigator Boubacar met Williams on O'Keefe Street in the City of Norfolk and arranged the drug deal.  The deal itself occurred on the 800 block of Fremont Street.  Williams was indicted in the City of Norfolk.  The trial court did not question whether the 800 block of Fremont Street was outside of the City of Norfolk once Williams raised the venue issue.  The addition of the street name draws a distinction between evidence that is insufficient to support the inference, and evidence that is sufficient for that purpose.

Indeed, our jurisprudence clearly supports a finding that the evidence is sufficient to support an inference when the street name is provided, coupled with the often pronounced legal principle that

> [a] trial court may take judicial notice of
> those facts that are either (1) so
> "generally known" within the jurisdiction

16

> or (2) so "easily ascertainable" by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute.

Taylor v. Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d 113, 116, (1998) (quoting Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978)) (citing 2 McCormick on Evidence § 328 (John William Strong ed., 4th ed. 1992); Charles E. Friend, The Law of Evidence in Virginia, § 19-2 (3d ed. 1988)).

In West v. Commonwealth, 125 Va. 747, 99 S.E. 654 (1919), we stated:

> [i]n the case at bar there is no direct proof that the crime was committed at Petersburg, but the following circumstances fully warrant the inference that it did take place there: The indictment charged that the property was stolen in the city of Petersburg, and belonged either to E. A. Robertson or to his wife. The case was tried at Petersburg, and the witness Worrell testified that he was employed as a detective with "the local police force," went with Wilkerson, another police officer, to investigate the case, found the stolen property at the prisoner's home, then went to the home of Mrs. Robertson and brought her to the prisoner's home to identify the property. Wilkerson testified "that he was employed as a detective with the local police department, and went to see Mrs. E. A. Robertson in response to a telephone call from her advising him that certain articles were missing from her home, and went with the officer, Worrell, to the home of Frances West and found the alleged stolen articles there; that he remained at her home while Officer Worrell went to get Mrs. Robertson to identify the

17

various stolen articles." C. E. Perkinson testified "that he was employed as a detective with the local police department, and assisted in the investigation of the West case." E. A. Robertson and wife testified that the property was stolen from their home on Sycamore street.

Id. at 750-51, 99 S.E. at 655. From these facts, this Court upheld a finding of venue stating,

[t]he record in this case shows that the court, counsel, jurors and witnesses must necessarily have been familiar with the location of the Robertson home on Sycamore street.

Id. at 752, 99 S.E. at 655. The Court also noted that the facts in West "raise[d] a violent presumption that the Robertson house was within the local jurisdiction of the court, and we do not feel warranted in reversing the judgment upon this point." Id.

A review of the evidence in West demonstrates that in addition to testimony regarding the location charged in the indictment and the fact that police officers from the relevant jurisdiction investigated the crime, the only other fact related to the issue of venue was a street name.

Keesee v. Commonwealth, 216 Va. 174, 217 S.E.2d 808 (1975), provides additional support for the proposition that evidence of venue set forth in the indictment and evidence that the local police department conducted the investigation, coupled with a street name and the fact that a trial court may

18

take judicial notice of facts that are "generally known" or "easily ascertainable" are sufficient to establish venue. Ryan, 219 Va. at 445, 247 S.E.2d at 703. In finding the facts establishing that the local police department investigated the crime, the car was towed to the local impound lot, and the warrants identified the city and the name of the establishment were insufficient, we specifically stated, "[t]he record fails to reveal even the street on which the store is located." Keesee, 216 Va. at 175, 217 S.E.2d at 810 (emphasis added). The clear implication was that this fact would have made a difference to the Court's decision.

Similarly, in Hart v. Commonwealth, 131 Va. 726, 109 S.E. 582 (1921), emphasis was placed upon the fact that the victim lived "on a certain road," was "going along said road from her home toward her place of work . . . , and that the point in the road at which she was assaulted was on the side of the road 'coming to Staunton.'" Id. at 735, 109 S.E. at 584. The Court found that "when the facts proved . . . are considered along with the fact of which the court will take judicial notice . . . it appears that the venue has been proved by the Commonwealth beyond any reasonable doubt." Id. at 739, 109 S.E. at 586. The Court also noted that

> it is a geographical fact, shown by any map
> in common use, and thus a matter of common
> knowledge, that the city of Staunton is

19

> located within the county of Augusta, and
> is so located therein that the county of
> Augusta surrounds, and, beyond all
> question, extends for a distance of over
> fifteen miles to the west of the corporate
> limits of the city of Staunton.  The court
> will, therefore, take judicial notice of
> that fact.

Id. at 735-36, 109 S.E. at 584-85.  Therefore, the evidence supports a finding that the trial court took judicial notice of venue and properly did so.

Likewise, in the instant case, the arguments of the parties and the statements of the trial court demonstrate that the trial court took judicial notice of the fact of venue.  At the conclusion of the Commonwealth's case, Williams made a motion to strike on two bases, venue and chain of custody.  In response to the venue argument, the Commonwealth made one assertion, that the trial court should take judicial notice of the location of the 800 block of Fremont Street.  With only one argument raised regarding venue and one response given, the trial court's response was, "I overrule the motions."  As the Court of Appeals found, the only logical conclusion is that the trial court, in response to the venue challenge, actually took judicial notice that the 800 block of Fremont Street is in Norfolk.

State Farm Mutual Automobile Insurance Co. v. Powell, 227 Va. 492, 318 S.E.2d 393 (1984) is inapposite because in that

case, the trial court took judicial notice of certain facts <u>sua sponte</u>, thereby depriving the defendant of the opportunity to be heard and to object. <u>Id.</u> at 497-98, 318 S.E.2d at 395. Here, Williams was heard and indeed raised the issue of venue. The Commonwealth's only response was to ask the trial court to take judicial notice of the fact of venue. After overruling Williams' motion, the trial court asked, "Anything else, Mr. Pollack?" to which Williams' counsel responded, "No, Your Honor." Clearly, Williams had an opportunity to be heard, to dispute the facts, and to object.

Therefore, the evidence indicates that the trial court took judicial notice of the fact of venue and that based on our precedent, it properly did so. <u>See</u> <u>Hart</u>, 131 Va. at 735-36, 739, 109 S.E. at 584-86; <u>West</u>, 125 Va. at 750-52, 99 S.E. at 655. I would therefore find that the Court of Appeals did not err in affirming the trial court's judgment and would decline to address Williams' second assignment of error as moot.

21