COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chafin and O'Brien
Argued at Fredericksburg, Virginia

SABRINA LEWIS

v.      Record No. 1977-17-4

COVENANT HOLDINGS GROUP, LLC AND
 FLAGSHIP CITY INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
JUNE 5, 2018

UNPUBLISHED

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

W. David Falcon, Jr. (Ackerman & Falcon LLP, on brief), for
appellant.

Andrew M. Alexander (Michael S. Bliley; Siciliano, Ellis, Dyer &
Boccarosse PLC, on brief), for appellees.

Sabrina Lewis ("claimant") appeals a decision from the Workers' Compensation

Commission ("the Commission") denying her claim for benefits from Covenant Holdings Group,

LLC ("employer"). She contends that the Commission erred by finding she did not prove that her

injury arose out of an actual risk of her employment. She further asserts that the Commission erred

by "failing to draw a reasonable inference from the evidence regarding the floor on which [she]

slipped." Finding no error, we affirm.

BACKGROUND

Claimant was employed as a shift manager of a Denny's restaurant, owned by the employer.

On April 27, 2016, while carrying frozen soup out of a walk-in freezer, claimant slipped and fell

forward onto both knees. At the hearing, claimant described the injury as follows:

> I was coming out of the freezer and usually we take out the – like
> from the freezer – the frozen food. And I was holding the soups, like

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the frozen food in my hand and I was coming out of the freezer and I slipped and hurt – and as I slipped my both knees I was fallen [sic] and my both knees were hurting. And then I struggled to get up and then I finished whatever I was doing.

At the hearing, claimant did not indicate what caused her to slip. She informed the morning manager, Mohamed Ershad, that she fell in the freezer, but she continued to work full-time until May 31, 2016. Claimant testified that during that time, she experienced difficulties standing, sitting, and performing her regular duties at work.

Upon learning of the incident, Ershad created a handwritten report stating that when "employee was coming out . . . from the freezer, employee slipped and fell on knees." The report did not mention any contributing factor that caused claimant's fall. At the hearing, Ershad testified that when claimant informed him about the accident "she told [him] that she slipped [but] there was no water."

Claimant had suffered from knee pain since 2005. In 2007, a doctor diagnosed her with "bilateral knee medial compartmental degenerative arthritis." A different doctor recommended total knee replacement in 2012. During a 2015 physical, claimant "complain[ed] of pain in both knees all the time" and stated that her "knees and ankles often swell." Claimant testified that following her fall, she experienced more severe pain in her knees.

Dr. Jeannette Tao treated claimant in May 2016 for the injuries she sustained when she fell. Dr. Tao's notes reflected that claimant "[h]as now been experiencing some falls at work due to her pain." However, at the hearing, claimant denied telling Dr. Tao that she fell as a result of any pre-existing pain. Dr. Tao referred claimant to an orthopedic doctor, who noted claimant did not have any swelling in her knees and diagnosed her with "[b]ilateral knee osteoarthrosis." Claimant subsequently returned to Dr. Tao, who once again noted that claimant stated she "sustained a fall once at work due to her pain." In a report, Dr. Tao described claimant's injury as follows: "[w]hile coming out of the freezer slipped and hurt both knees. Injured both knees due to slipping."

In November 2016, Dr. Nigel Azer at the Anderson Orthopaedic Clinic examined claimant at employer's request. Dr. Azer noted that claimant's "history is a little bit unclear as she also indicates that her knees have chronically hurt her and caused her to fall in the past." He diagnosed her with "[a]dvanced . . . degenerative arthritis of the right and left knees."

Following a hearing, a deputy commissioner awarded benefits to claimant. The commissioner found "it appropriate to infer that claimant's slip and fall onto both knees inside of a walk-in freezer . . . resulted in injury to the claimant's knees."

The employer appealed the decision to the full Commission, which unanimously reversed and vacated the deputy commissioner's decision. The Commission found that claimant's presence in the freezer area did not "illustrate a risk of the employment," because claimant "never stated, nor reported to anyone, that anything about the freezer area, or otherwise, resulted in her slip and fall." The Commission concluded that "[a]t most, the medical records alluded that the claimant fell because of pre-existing pain as opposed to an occupational condition."

DISCUSSION

To qualify for compensation under the Workers' Compensation Act, a claimant must prove by a preponderance of the evidence that the injury arose out of a risk of the employment. Liberty Mut. Ins. Corp. v. Herndon, 59 Va. App. 544, 555-56, 721 S.E.2d 32, 37-38 (2012). See Code § 65.2-101. "[A]lthough we are bound by the [C]ommission's underlying factual findings if those findings are supported by credible evidence, we review *de novo* the [C]ommission's ultimate determination as to whether the injury arose out of the claimant's employment." Stillwell v. Lewis Tree Serv., 47 Va. App. 471, 477, 624 S.E.2d 681, 683 (2006) (citations omitted). Therefore, the issue of whether an injury arose out of a claimant's employment is a "mixed question of law and fact." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

Claimant contends that the Commission was required to draw a reasonable inference that she slipped and fell due to ice on the floor of the freezer. However, a claimant must present sufficient evidence concerning the circumstances of the injury for the Commission to conclude that the injury arose out of the conditions of the workplace. See Southside Va. Training Ctr. v. Shell, 20 Va. App. 199, 203-04, 455 S.E.2d 761, 763-64 (1995) (holding that the mere fact that a claimant fell at work was not sufficient to meet claimant's burden of proof that an injury arose out of a risk of employment). "[T]o be compensable, an injury . . . must be caused by the conditions of the workplace." Barbour, 8 Va. App. at 483, 382 S.E.2d at 305. "[W]hen the claimant, who is in a position of being able to explain the occurrence, fails to present evidence which establishes that the injury arose out of the employment[,] the claim for compensation must be denied." Mem'l Hosp. of Martinsville v. Hairston, 2 Va. App. 677, 682, 347 S.E.2d 527, 529 (1986).

Claimant testified that she slipped and fell in the walk-in freezer while carrying soup. She did not give any reason for her fall, such as ice on the walk-in freezer floor. She also never suggested that carrying the soup caused her to fall. Additionally, none of her medical records indicated that any substance on the floor caused her to slip. Instead, Dr. Tao noted twice that claimant slipped and fell because of her pre-existing knee pain. Claimant correctly notes that the Commission is entitled to draw reasonable inferences from the evidence. See Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 358-61, 597 S.E.2d 286, 289-90 (2004). However, claimant failed to present sufficient evidence from which the Commission could infer that ice was present on the walk-in freezer floor. The evidence at the hearing supports the Commission's finding that claimant fell as a result of pain from her pre-existing knee condition.

Claimant also asserts that an unsigned document entitled "First Report of Injury" ("FROI") established that her injury arose out of her employment. The parties agree that the employer's insurance company administratively generated the FROI and that it contains the following language:

"[claimant] slipped on ice on the floor injuring both knees." Claimant concedes that the document was never offered as evidence or introduced at the hearing, but she argues that because it was part of the Commission's record, this Court may take judicial notice of it on appeal. Although claimant did not introduce the FROI at the hearing, or ask the Commission to take judicial notice of it, she asks this Court to consider the document as substantive evidence under Rule of Evidence 2:201(b).

Rule 2:201(b) permits a court to take judicial notice of a factual matter "at any stage of the proceeding." See, e.g., Williams v. Commonwealth, 289 Va. 326, 335, 771 S.E.2d 675, 680 (2015). However, "an appellate court may not take judicial notice of . . . documents when they were not relied upon before the court or [C]ommission below." Commonwealth v. Woodward, 249 Va. 21, 23, 452 S.E.2d 656, 657 (1995). Further, a court may only "take judicial notice of those facts that are either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute." Taylor v. Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d 113, 116 (1998) (*en banc*) (quoting Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978)). Whether claimant slipped on ice is neither "generally known" within the jurisdiction nor "easily ascertainable." Accordingly, we decline to take judicial notice of the facts contained in the FROI.

Because claimant did not provide sufficient evidence concerning her fall or the condition of the walk-in freezer floor, the Commission did not err in concluding that her injury did not arise out of her employment. Accordingly, we affirm the Commission's decision vacating the award of benefits to claimant.

Affirmed.