ANNUNZIATA, Judge.
Elizabeth T. Edmonds was indicted by a Chesterfield County grand jury for third or subsequent offense petit larceny, in violation of Code §§ 18.2-96 and 18.2-104, and for felony failure to appear, in violation of Code § 19.2-128. She was found guilty on both counts in a bench trial on December 18, 2002 and sentenced to serve five years in prison, four years suspended, on the larceny charge and three years in prison, two years and six months suspended, on the failure to appear charge. She appeals her conviction for failure to appear on the ground that the Commonwealth failed to prove she had notice of the hearing date. For the following reasons, we reverse.
*199 I. Background
On May 25, 2002, Elizabeth Edmonds entered the infant’s department of a Wal-Mart store in Chesterfield County with an empty cart. She picked up a car seat, placed the seat into the cart, and went to the front of the store, pausing at the exit door. After about a minute, Edmonds went to the service desk with the cart and stood in line. When it was her turn to be served, Edmonds stated that she wanted to exchange the car seat. She and a sales associate went back to the infant’s department for a few minutes. When Edmonds returned to the service desk, she stated she had changed her mind about returning the car seat and wanted to receive a refund instead. After receiving a cash refund, Edmonds walked away from the desk and was apprehended by Robert Collins, the loss-prevention officer, who had been observing her movements in the store.
A warrant to arrest Edmonds for the felony of petit larceny, third or subsequent offense, was obtained from the magistrate and served upon her on May 25, 2002. The warrant reflected a hearing date of July 17, 2002 at 8:30 a.m. In July, Collins appeared when the case was scheduled in general district court, but Edmonds did not.
At trial, Collins testified that Edmonds did not appear when the “cases were scheduled.” Neither Collins nor anyone else testified that Edmonds had notice of the July 17, 2002 hearing date. At the close of the prosecution’s case, Edmonds’s counsel moved to strike the Commonwealth’s evidence with respect to both the charge of larceny and the charge of failure to appear. He argued, in part that, “on the failure to appear, ... there’s been no proof she had notice. I don’t recall Mr. Collins [Assistant Commonwealth’s Attorney] asking you to take judicial notice of the court’s records.” The Commonwealth responded, ‘Well, Judge, the Court can take judicial notice of its records at any time; we don’t have to remind the court every time, but I’ll submit that with that aspect.” The Commonwealth then restated the facts supporting the larceny charge. The trial court subsequently denied the motion to *200 strike, stating only, “The motion to strike is denied. Any evidence for the defense?”
Edmonds argues on appeal that the Commonwealth failed to prove that she had notice of the July 17, 2002 hearing date. The Commonwealth contends that the trial court took judicial notice of the warrant for her arrest which was served upon her and shows July 17, 2002 as the hearing date. Because no evidence shows that the trial court took judicial notice of the hearing date and time contained in the warrant, we reverse.
II. Analysis
Edmonds was convicted of felony failure to appear, in violation of Code § 19.2-128, which states in pertinent part: “Any person (i) charged with a felony offense ... who willfully fails to appear before any court as required shall be guilty of a Class 6 felony.” We have held that the Commonwealth makes out a prima facie case of willfully failing to appear if it presents evidence that the defendant failed to appear after receiving notice of the date and time of the hearing. See Hunter v. Commonwealth, 15 Va.App. 717, 721, 427 S.E.2d 197, 200 (1993). ‘When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful.” Id. Edmonds contends that the trial court neither heard nor saw any evidence establishing she had notice of the hearing and that, therefore, the Commonwealth did not prove beyond a reasonable doubt that her failure to appear was “willful.” We agree.
Collins, the Commonwealth’s only witness oh the failure to appear charge, testified that Edmonds did not appear on the date the “cases were scheduled.” This evidence fails to establish that Edmonds had notice of the date and time of the hearing.
The Commonwealth argues, however, that the trial court took judicial notice of the warrant for Edmonds’s arrest, which was served upon Edmonds and shows July 17, 2002 as the *201 hearing date. In support of its contention, the Commonwealth points to the colloquy concerning Edmonds’s motion to strike, where the Commonwealth told the trial court that it could “take judicial notice of its records at any time.” The fact that the trial court subsequently denied Edmonds’s motion to strike proves, according to the Commonwealth, that the court took judicial notice of its own records, including the hearing date and time indicated in the warrant. Edmonds counters the Commonwealth’s argument, stating that “the record fails to show that the trial court took judicial notice of its own records to determine whether [she] had notice of the July 17th hearing date.” We agree with Edmonds that the record fails to show the trial court took judicial notice of the warrant.
Although
a trial court need not intone the words “judicial notice” in order to notice a fact, the evidence, the arguments of the parties and the statements of the trial court must demonstrate clearly that the trial court has taken judicial notice of the fact before a party may rely upon such notice on appeal.
Dillard v. Commonwealth, 28 Va.App. 340, 346-47, 504 S.E.2d 411, 414 (1998) (emphasis added); see also Sutherland v. Commonwealth, 6 Va.App. 378, 383, 368 S.E.2d 295, 298 (1988); Colonial Leasing Co. v. Logistics Control Group International, 762 F.2d 454, 459 (5th Cir.1985) (“Care should be taken by the court to identify the fact it is noticing, and its justification for doing so.”). Such requirements ensure that the opposing party has an opportunity to object either to the facts noticed or to the manner in which such notice is taken. See Jewell v. Commonwealth, 8 Va.App. 353, 355 n. 1, 382 S.E.2d 259, 261 n. 1 (1989) (noting that it “would have been improper for the trial court to have taken judicial notice” where “the parties had no opportunity to object or refute the facts judicially noticed”); see also 29 Am.Jur.2d Evidence § 38 (2004) (“[W]hen a court finds it appropriate to take judicial notice of a matter, fundamental fairness dictates that it should provide the parties with advance notice of its intentions.”).
*202 Here, although the arguments of both parties establish that the issue of judicial notice was before the court, no statement of the trial court clearly demonstrates that it took judicial notice of the fact sought to be proved, i.e. the date and time of the hearing. See Dillard, 28 Va.App. at 346-47, 504 S.E.2d at 414; cf. Taylor v. Commonwealth, 28 Va.App. 1, 7, 502 S.E.2d 113, 116 (1998) (“Although the [trial] court did not use the words ‘judicial notice,’ ” the trial court’s ruling that a date stamp “ ‘is an official stamp of the court and papers received in the court at the clerk’s office’ ” indicated “that it took judicial notice of identify of the date stamp.”); Sutherland, 6 Va.App. at 383, 368 S.E.2d at 298 (holding that “we cannot assume that the trial court” took judicial notice where it did “not appear from the record that the trial court” did so); cf also Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975) (“[T]he record fails to show that the trial court took judicial notice of the location of the store property.”).[1] Because the trial court did not indicate that it was taking judicial notice of the fact that the warrant gave Edmonds notice of the hearing, it deprived her of the “opportunity to be heard either to dispute the ‘facts’ [noticed] or to object to the court’s action.” State Farm Mut. Auto. Ins. Co. v. Powell, 227 Va. 492, 497, 318 S.E.2d 393, 395 (1984); see also Colonial Leasing, 762 F.2d at 459 (noting that the court’s duty to identify the fact it is noticing is “particularly necessary when a document ..., from which any number of distinct facts might be drawn, is the object of the notice”).
*203 For the foregoing reasons, we reverse.[2]

Reversed.

. The Commonwealth also argues that records from the general district court establish Edmonds had notice. However, for the same reasons discussed supra, the record on appeal does not disclose that the trial court took judicial notice of the general district court records. Cf. Oliver v. Commonwealth, 35 Va.App. 286, 291, 544 S.E.2d 870, 872 (2001) (dismissing appeal from conviction for failure to appear where defendant argued that the evidence was insufficient to prove he had notice of the hearing date because the trial court, "[w]ithout objection, ... took judicial notice of its own records from the district court concerning the notice that was given to Oliver of the date and time of the ... hearing,” and because the defendant failed to make such evidence part of the record on appeal). We therefore cannot uphold the conviction on this ground.

. We do not address the issues raised by the concurring opinion because, notwithstanding the general nature of the questions presented by Edmonds, the arguments proper were limited to an evidentiary matter, viz. whether the trial court took judicial notice of the warrant. Other than citations to cases which set forth the Commonwealth's burden in a criminal case and which indicate that the Commonwealth must prove notice and failure to appear, the only authority cited by Edmonds in support of her specific contention that the Commonwealth failed to prove notice relates to the issue of judicial notice. The Commonwealth’s brief is similarly limited to the issue of judicial notice. Additionally, the ambiguity that arises as a result of the dates crossed out in the warrant was not represented by Edmonds as a basis for her claim that the evidence was insufficient to prove that she had notice. Our review of sufficiency questions is limited to those raised with specificity in the trial court. See Clarke v. Commonwealth, 32 Va.App. 286, 304, 527 S.E.2d 484, 493 (2000) (citing George v. Commonwealth, 242 Va. 264, 281 n. 4, 411 S.E.2d 12, 22 n. 4 (1991)). Whether the fact the dates were crossed out in the warrant was fatal to the Commonwealth’s case was never argued to the trial court or to this Court.