COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Haley and Petty
Argued at Salem, Virginia


LAWRENCE THOMAS KORAL

MEMORANDUM OPINION[*] BY

v.      Record No. 0392-06-3          JUDGE JAMES W. HALEY, JR.
                                              MAY 22, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

J. Patterson Rogers, 3rd, for appellant.

Jonathan M. Larcomb, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Convicted by a judge of one count of felony failure to appear pursuant to Code

§ 19.2-128,[1] Lawrence Thomas Koral ("appellant") maintains that the evidence was insufficient

for the trial court to find that he willfully failed to appear on the date in question. We affirm.

STATEMENT OF FACTS

The facts of this case are essentially undisputed. On May 13, 2005, appellant signed a

"Recognizance" form for the Pittsylvania County Juvenile and Domestic Relations District Court

acknowledging that he was being charged with grand larceny and burglary. On that form, his

address is listed as "3701 HWY US 29, Danville, VA 24540." Just above appellant's signature

is printed the following: "I, the defendant, understand that . . . I must promptly notify the court

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also found guilty of one count of grand larceny pursuant to Code
§ 18.2-95, which is not considered in this appeal.

of any change in my mailing address or where I live while this case is pending." The form also noted his next hearing date as "5/17/2005."

On May 17, 2005, appellant appeared before the same court and signed a "Notice of Hearing" form acknowledging notice of a subsequent hearing on June 22, 2005. He also filled out a "Request for Appointment of a Lawyer" form on the same date. On May 18, 2005, attorney J. Patterson Rogers, 3rd ("Mr. Rogers") informed the court by letter that he had accepted his appointment as counsel for the appellant. On May 23, 2005, Mr. Rogers informed the court by letter that he was aware of the change in the date of appellant's preliminary hearing from June 22, 2005, to June 29, 2005.

On June 10, 2005, a "Subpoena for Witness" was posted at appellant's residence noting the hearing date as June 29, 2005. The address listed on the subpoena was "3701 HWY US 29, Lot N, Danville, VA 24540." The subpoena was marked as "Posted on front door . . . of usual place of abode, address listed above." The subpoena also instructed appellant to "PLEASE NOTE CHANGE OF COURT DATE FROM 6/22/05."

After failing to appear in the juvenile and domestic relations district court on June 29, 2005, appellant was indicted for that failure on October 17, 2005. On October 27, 2005, appellant signed another "Recognizance" form where his address was listed as "3701 29 North Lot N-32, Danville, VA."

At trial, appellant stipulated to the court that he did not appear in court on June 29, 2005. With regard to the failure to appear charge, appellant took the stand to testify in his own defense. Appellant stated the following:

> Q.    Mr. Koral, you're also charged with failure to appear in court on June 29th for the preliminary hearing. Were you there?
>
> A.    No sir.

Q.      Why not?

A.      It was, I guess a misunderstanding on my part. . . .

Q.      Just tell us why you weren't there?

A.      I don't know, somehow or another I got wires crossed, and
        I was supposed to be at your office two weeks prior to the
        court date, and I had the 12th of July, I believe, on my
        calendar to go to court . . . .

On cross-examination, appellant stated that, at the time of the hearing on June 29, 2005, he was living "off of Whitmell School Road, Bolt Drive" and that he had moved there "[a]bout July, end of June, first of July."

The trial court found appellant guilty on the charge of felony failure to appear and subsequently sentenced him to one year of incarceration on that charge, suspending all but four months.[2]

## STANDARD OF REVIEW

In a criminal appeal from a ruling of the trial court, the trial court is presumed to have rendered a correct judgment. See Code § 8.01-680; Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991). The burden is on the party who appeals to prove *by the record* that the trial court erred. Johnson, 12 Va. App. at 396, 404 S.E.2d at 387. Further, the evidence is viewed in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. Id.; see also Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

---

[2] Appellant was also sentenced to three years incarceration on the grand larceny charge with all but eight months suspended, resulting in a total sentence of four years, with all but twelve months of that time suspended.

ANALYSIS

A. Judicial Notice

In his brief to this Court, appellant begins by asserting that the trial court never took judicial notice of its records. Because appellant did not raise this argument to the trial court we find that it has been procedurally defaulted and may not be presented for the first time on appeal. Rule 5A:18. This Court has held that, "The purpose of requiring a contemporaneous objection is to enable the opposing party to respond to the alleged error and to enable the ruling court to take any necessary corrective action." Saunders v. Commonwealth, 38 Va. App. 192, 195, 562 S.E.2d 367, 369 (2002). At no time during trial did appellant raise with specificity an objection or offer any argument regarding the issue of judicial notice. Thus, the trial court had no opportunity to correct the alleged error and the Commonwealth had no opportunity to respond to it.[3]

---

[3] At the close of the Commonwealth's evidence, the following exchange occurred between the Commonwealth (Mr. Grimes), the appellant's attorney (Mr. Rogers), and the Court:

> MR. GRIMES: We Rest, Your Honor, as far as the burglary and the larceny. The failure to appear charge I would also ask the Court to take notice of the records in the court file . . . .
> MR. ROGERS: Judge, I will stipulate the defendant did not appear on the 29th . . . .
> THE COURT: Okay, it's stipulated he wasn't there, Counsel.
> MR. ROGERS: . . . of June for the preliminary hearing.
> THE COURT: The only issue is what his reason is.
> MR. GRIMES: Alright, and there are documents in the court file I would ask the Court to take notice of at the appropriate time. That's our evidence.

In addition to the default, we find appellant's reliance on Edmonds v. Commonwealth, 43 Va. App. 197, 597 S.E.2d 210 (2004), misplaced. In Edmonds, the Commonwealth simply never asked the trial court to take judicial notice of its records prior to the defendant's motion to strike. Id. at 199, 597 S.E.2d at 211.

B. Willful Failure to Appear

At trial, appellant argued that the Commonwealth's evidence was insufficient to convict on the charge of felony failure to appear because "the Commonwealth has not shown beyond a reasonable doubt that [appellant], in fact, on purpose, failed to show up."

It is well established by Virginia courts that "'[a]ny failure to appear after notice of the appearance date [is] *prima facie* evidence that such failure to appear [was] willful.'" Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (quoting Trice v. United States, 525 A.2d 176, 179 (D.C. 1987)). Appellant's stipulation that he did not appear in court on June 29, 2005, leaves this Court to decide if the Commonwealth's evidence was sufficient to prove that appellant received notice of the court date, and, if so, if appellant's testimony was sufficient to rebut the resulting presumption that his failure to appear was willful.

"[I]t is axiomatic that an appellate court's review of the case is limited to the record on appeal." Wolfe v. Commonwealth, 6 Va. App. 640, 643, 371 S.E.2d 314, 315 (1988). That record includes the subpoena served on June 10, 2005. Appellant's name and address were clearly and correctly present on the face of the document. Indeed, the address noted on the subpoena was the same as that which appellant provided to the court on both recognizance forms as his place of residence. The subpoena clearly indicated the date and time that appellant was expected to appear in court and included the name, address, and phone number of the court. Further, the subpoena instructed appellant to "PLEASE NOTE CHANGE OF COURT DATE FROM 6/22/05."

In contrast, appellant presented no evidence that he did not receive the subpoena or the notice it contained. We further note that defendant testified he moved at the "end of June, first of July" from the address he twice gave as his residence on recognizance forms. The subpoena, however, was served on June 10, 2005. Finally on October 27, 2005, in a circuit court

recognizance, appellant gave his address as "3701 29 North Lot N-32, Danville, VA," but testified at trial his address was "off of Whitmell School Road, Bolt Drive."

Secondly, the trial court considered the letter from appellant's court-appointed attorney, to the trial court, confirming the date change to June 29, 2005. This Court has held that "[n]otice to [appellant's] attorney of record of the trial date is evidence that the notice was given to [appellant]. Therefore, if the attorney had actual notice of the [appellant's] trial date, the fact finder may infer from that evidence that the [appellant] also had actual notice of the trial date." Hunter, 15 Va. App. at 722-23, 427 S.E.2d at 201 (citations omitted). Again, appellant presented no evidence of any communication, or miscommunication, with his attorney as to why he did not appear on June 29, 2005.[4]

We distinguish other cases in which we held the evidence insufficient for conviction. In Riley v. Commonwealth, 13 Va. App. 494, 499, 412 S.E.2d 724, 727 (1992), this Court reversed a conviction for willful failure to appear because the appellant "was incapable of appearing before the district court due to his incarceration in New York." In contrast, there was no evidence presented in this case that the appellant was incapable of appearing in court on June 29, 2005. In Thomas v. Commonwealth, 48 Va. App. 605, 633 S.E.2d 229 (2006), in determining whether the appellant had notice of the court date in question, this Court observed:

> [T]he trial judge found, outside the presence of the jury, that a rational *prima facie* inference of actual notice could be derived from the "standard procedure" in general district court of informing defendants in "open court" of when and where they must next appear. The trial judge, however, never informed the jurors of this "standard procedure." Nor did he instruct them that they could consider this information as evidence in the case.

---

[4] Indeed, appellant's testimony that he "was supposed to be at [his attorney's] office two weeks prior to the court date" indicates that he was in communication with his attorney.

Id. at 609, 633 S.E.2d at 231. As a result, this Court stated that, "[e]xcept for matters within the common knowledge and experience of jurors, adjudicative facts judicially noticed by a trial judge cannot be imputed to a jury" and that the resulting evidence was insufficient for the jury to convict. Id. at 609, 633 S.E.2d at 232. Here, the trial court did not rely upon knowledge of any "standard procedure," but upon unchallenged documentary evidence. The documentary evidence, and the reasonable inferences drawn therefrom, tend to show that the Commonwealth had met its burden of proving notice, thereby raising the presumption that appellant's failure to appear was willful.

## C. Appellant's Testimony

In order to refute the above presumption, appellant testified on his own behalf as to the reasons for his failure to appear. Within a brief segment of testimony, appellant stated that his failure to appear was a "misunderstanding," that he "[didn't] know" why he wasn't there, that he "got wires crossed," and finally that he had the wrong date on his calendar. It is well established that "the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Here, the appellant's testimony is not only self-serving but also vague and inconsistent. Appellant offered no other explanation as to why he did not appear in court on June 29, 2005.

Viewing all of the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, a reasonable fact finder could find that appellant had willfully failed to appear in court on June 29, 2005.

Affirmed.