COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Decker and AtLee
Argued at Richmond, Virginia

UNPUBLISHED

CHARLES LAMAAR SHARP

v.     Record No. 0500-15-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
MARCH 8, 2016

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge[1]

Dorian Dalton, Senior Assistant Public Defender, for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Charles Lamaar Sharp appeals his conviction for identity theft, second offense, in violation

of Code § 18.2-186.3. He contends that the evidence was insufficient to support his conviction

because the Commonwealth failed to prove that his purpose when he provided a false name was to

avoid summons, arrest, or prosecution, or to impede a criminal investigation. He also suggests that

the trial court erred when it found that the Commonwealth proved venue in the City of Richmond.

We hold that the evidence, viewed under the proper legal standard, proves identity theft. However,

we also hold that the trial court erred when it found that the Commonwealth proved venue.

Consequently, we reverse the conviction and remand the case for further proceedings consistent

with this opinion should the Commonwealth be so advised.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Designate Theodore J. Markow presided over the trial in this case. Judge W.
Reilly Marchant presided over the sentencing hearing.

## I. BACKGROUND

On August 9, 2014, at about 4:30 p.m., Officer Randy Hager of the City of Richmond Police Department was in his "police vehicle" in his assigned sector. Officer Hager saw a man, whom he believed to be Charles Sharp, walking a dog in the 1700 block of Clarkson Road. Hager believed that there was a warrant for Sharp's arrest but did not approach him because Sharp had fled from the officer in the past. Instead, Hager radioed for backup to assist him.

Once additional officers arrived, Officer Hager "drove to where [the appellant] was walking" and approached him. Officer Hager greeted him and asked him his name. The appellant said that his name was "Demontrae (phonetic) Smith." Hager remarked, "[Y]ou just gave me the same fake name you gave me five years ago when you were wanted." He also asked the appellant for his date of birth, but the appellant did not answer the question.

Because he was closer to the appellant when this exchange took place than when he first spotted the appellant on the street that day, Officer Hager was more convinced that the appellant was Charles Sharp. He reached for the appellant's arm, but the appellant stepped through a gate at the Southwood Properties and closed the gate behind him. A second officer grabbed the appellant's arm while a third officer took the dog's leash from the appellant's hand. According to Hager, the appellant "physically resisted." Nonetheless, the three officers were able to handcuff and detain him. Officer Hager again asked the appellant his name. This time the appellant responded, "Handcuffs." He said, "[S]ince you put me in handcuffs, my name is Handcuffs." Hager asked the appellant several other questions: whether he was Charles Sharp, where he lived, and what his date of birth and social security number were. However, the appellant did not answer "a single question throughout the rest of [the encounter] on the way to lockup." He also remained silent when he was taken before the magistrate to be processed.

Officer Hager testified at trial regarding his history with the appellant. About five years earlier, Hager had a brief interaction with Sharp that was similar in nature to the one in August of 2014. The appellant was walking, and Hager was in his police car. Hager had a second encounter with Sharp, about a year before the 2014 incident. In that instance, Hager chased Sharp but did not catch him.

The Commonwealth also offered into evidence a prior conviction of the appellant for the first-offense misdemeanor version of the same crime, committed in 2013. The trial court admitted the exhibit without objection from the appellant.

After the Commonwealth's presentation of this evidence at trial, the appellant made a motion to strike, arguing that the Commonwealth had not proven that he used the false identity to avoid summons, arrest, or prosecution, or to impede a criminal investigation. He also contended that the prosecution had not established venue within the City of Richmond. The trial court denied the motion to strike and found the appellant guilty of identity theft, in violation of Code § 18.2-186.3. He was sentenced to five years in prison with four years nine months suspended.

## II. ANALYSIS

The appellant challenges the sufficiency of the evidence to support his conviction for identity theft. He also argues that the Commonwealth failed to establish venue within the City of Richmond. We first consider the sufficiency of the evidence, because if the evidence is not sufficient to support the conviction the case must be reversed and dismissed, and the matter of venue is irrelevant. See, e.g., Timbers v. Commonwealth, 28 Va. App. 187, 202, 503 S.E.2d 233, 240 (1998) (explaining that the Commonwealth is "barred on double jeopardy grounds from retrying" an appellant where this Court "reverse[s] for insufficiency of the evidence"); see also Pollard v. Commonwealth, 220 Va. 723, 726, 261 S.E.2d 328, 330 (1980) (reversing due to the

insufficiency of the evidence to prove venue and remanding for further proceedings if the Commonwealth be so advised).

## A. *Sufficiency of the Evidence*

"When the sufficiency of the evidence is challenged on appeal," this Court reviews "the evidence in the light most favorable to the prevailing party at trial, in this case the Commonwealth," and accords to that party "all inferences fairly drawn from the evidence." E.g., Grimes v. Commonwealth, 288 Va. 314, 318, 764 S.E.2d 262, 264 (2014). "[T]he relevant question is whether," viewing the evidence under this standard, "any rational trier of fact could have found" that "the essential elements of the crime [were] proved beyond a reasonable doubt." Wright v. Commonwealth, 49 Va. App. 312, 317, 641 S.E.2d 119, 121 (2007) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This standard of review "gives full play to the responsibility of the trier of fact fairly to resolve [any] conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. (quoting Jackson, 443 U.S. at 319). We simply do not substitute our own judgment for that of the trier of fact. Burkeen v. Commonwealth, 286 Va. 255, 258, 749 S.E.2d 172, 174 (2013). The appellate court will not set aside the trial court's judgment unless, viewed under this standard, the judgment is "plainly wrong or without evidence to support it." Grimes, 288 Va. at 318, 764 S.E.2d at 264 (quoting Code § 8.01-680).

The appellant was convicted under Code § 18.2-186.3, which states in pertinent part that: "[i]t shall be unlawful for any person to use . . . identifying information of another person, . . . or of a false or fictitious person, to avoid summons, arrest, prosecution, or to impede a criminal investigation." Code § 18.2-186.3(B1). A second or subsequent conviction under this section is punishable as a Class 6 felony. Code § 18.2-186.3(D). The appellant does not dispute that he provided a false name. Nor does he contest that he was previously convicted of this offense. His

only sufficiency challenge relates to proof that he used the false name in order to avoid summons, arrest, or prosecution, or to impede a criminal investigation.  Our analysis of this issue rests directly on proof of the appellant's intent when he provided the false name to the officer.

Intent is a question of fact.  See McEachern v. Commonwealth, 52 Va. App. 679, 684, 667 S.E.2d 343, 345 (2008).  It is "the purpose formed in a person's mind at the time an act is committed."  Carter v. Commonwealth, 280 Va. 100, 105, 694 S.E.2d 590, 594 (2010) (quoting Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998)).  A defendant's intent, due to its very nature, "may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts."  Austin v. Commonwealth, 60 Va. App. 60, 66, 723 S.E.2d 633, 636 (2012) (quoting Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991)).  Statements and conduct of the defendant after the charged offense may also circumstantially demonstrate his intent.  Simon v. Commonwealth, 58 Va. App. 194, 206, 708 S.E.2d 245, 251 (2011).

It is well established that "circumstantial evidence is as competent and is entitled to as much weight as direct evidence[,] provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Finney v. Commonwealth, 277 Va. 83, 89, 671 S.E.2d 169, 173 (2009) (alteration in original) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000)).  "When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot *arbitrarily* adopt an inculpatory interpretation."  Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998) (emphasis added).  However, "[t]he hypotheses of innocence that must be excluded by the Commonwealth are 'those which flow from the evidence itself, and not from the imagination[]'" of the appellant.  Bright v. Commonwealth, 4 Va. App. 248, 252, 356 S.E.2d 443, 445 (1987) (quoting Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983)).  Whether a hypothesis of

innocence is reasonable, like a finding of intent, is a "question of fact." E.g., Burton v.

Commonwealth, 58 Va. App. 274, 285, 708 S.E.2d 444, 450 (2011) (quoting Clanton v.

Commonwealth, 53 Va. App. 561, 572, 673 S.E.2d 904, 910 (2009) (*en banc*)).  Consequently, such

a finding may be set aside on appeal only if it is plainly wrong or without evidence to support it.

Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997).

In other words, "[t]he statement that circumstantial evidence must exclude every reasonable

theory of innocence is simply another way of stating that the Commonwealth has the burden of

proof beyond a reasonable doubt."  Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781,

785 (2003).  In considering an appellant's alternative hypothesis of innocence in a circumstantial

evidence case, we must determine "'not whether there is some evidence to support' the appellant's

hypothesis of innocence, but, rather, 'whether a reasonable [fact finder], upon consideration of all

the evidence, could have rejected [the appellant's] theories of his defense and found him guilty of

[the charged crime] beyond a reasonable doubt.'"  Emerson v. Commonwealth, 43 Va. App. 263,

277, 597 S.E.2d 242, 249 (2004) (alterations in original) (quoting Hudson, 265 Va. at 513, 578

S.E.2d at 785).  Where, as here, "the factfinder has rejected the hypothes[e]s as *unreasonable*, that

determination cannot be overturned as arbitrary unless no rational factfinder would have come to

that conclusion."  Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004).

In the instant case, the appellant gave the officer a false name and would not provide his

social security number when asked.  However, the evidence proving the appellant's intent does not

end here.  The record shows that the appellant had a prior conviction for the misdemeanor version

of the same offense following an encounter in 2013, clearly showing that he knew the behavior was

a crime.  The record also shows that the appellant had two prior contacts with Officer Hager and had

provided the same false name during the first of those prior encounters.  On the second of the prior

occasions when he encountered Officer Hager, the appellant fled from the officer.  This time, which

was their third encounter, Hager approached with backup officers. The appellant again attempted to avoid them by entering a fenced area and resisting when Hager tried to grab his arm. Once the officers handcuffed him and again asked him his name, he said it was "Handcuffs" and continued to refuse to answer basic questions about his identity.

When considering the circumstantial evidence relating to the appellant's intent, the appellate court does not look at the individual pieces of evidence in a vacuum. Emerson, 43 Va. App. at 277, 597 S.E.2d at 249. We review the evidence as a whole and in the light most favorable to the Commonwealth. Id. at 276-77, 597 S.E.2d at 249. Clearly, it is reasonable to conclude that the appellant knew his own criminal history. See, e.g., People v. Tindall, 14 P.3d 207, 215 (Cal. 2000) (recognizing that criminal "defendants are most familiar with their own criminal records"); King v. Maryland, 466 A.2d 1292, 1300 (Md. Ct. Spec. App. 1983) (noting legislative acknowledgment that "[a] defendant is already aware of his own criminal record"). Additionally, the fact that he gave the same false name to the same officer from whom he had fled in the past supports the determination that the appellant intended to impede an investigation or, alternatively, to avoid arrest, both of which are crimes under the statute. The appellant's behavior throughout the interaction with Hager exhibited his intent to impede the officer's investigation. Even once arrested, the appellant persisted in his refusal to answer questions relating to his identity.

Based on these facts, the trial court found that the appellant intended to impede a criminal investigation or avoid arrest when he provided the name Demontrae Smith to Officer Hager rather than his own name. The trial court's finding was not plainly wrong. Ample facts in the record enabled the court, as trier of fact, to reach that conclusion, including the appellant's past behavior with the same officer, his use of the same false name, and his prior conviction for the same crime as a first offense.

It is also apparent from the record that the trial court rejected the "hypotheses of innocence" that the appellant was merely joking with the officers or simply did not want to speak with them. See Taylor v. Commonwealth, 61 Va. App. 13, 31, 733 S.E.2d 219, 238 (2012) (affirming fact finder's rejection of hypothesis of innocence); James v. Commonwealth, 53 Va. App. 671, 681, 674 S.E.2d 571, 576 (2009) (same). Although the trial court did not consider the use of the name "Handcuffs" to be identity theft, it rejected the notion that providing the officer with the name Demontrae Smith was merely a joke, a "smart aleck comment," or a way to avoid speaking with the police. The judge concluded, "When he gave the name of somebody other than his own, he was doing that . . . to avoid or to impede an investigation." For the same reasons the evidence supports the conclusion that the appellant acted with guilty intent, discussed *infra*, it supports the trial court's rejection of the appellant's hypotheses of innocence.

Consequently, the evidence was sufficient to support the trial court's finding that the appellant intended to commit identity theft when he used the name Demontrae Smith in response to the uniformed officer's asking him his name.

## B. Venue

The appellant argues that it is unclear whether the trial court took judicial notice that the 1700 block of Clarkson Road is in the City of Richmond and, as such, the Commonwealth cannot rely on judicial notice to support venue. He also argues that the evidence on its own is insufficient to establish venue. The Commonwealth contends that the record supports the conclusion that the trial court took judicial notice that the offense occurred in the City of Richmond, thus relieving the

prosecutor of the burden to prove venue. It relies on argument of trial counsel and the judge's concluding remarks in support of its position.[2]

Code § 18.2-186.3(D) contains a specific venue provision for identity theft. It states, in relevant part, that "the crime shall be considered to have been committed in any locality . . . in which any part of the offense took place." Code § 18.2-186.3(D); see also Gheorghiu v. Commonwealth, 280 Va. 678, 684, 701 S.E.2d 407, 410 (2010) (applying Code § 18.2-186.3(D)'s venue provision). The Commonwealth bears the burden to establish that part of the offense occurred in the City of Richmond. See Ware v. Commonwealth, 214 Va. 520, 522, 201 S.E.2d 791, 793 (1974). A trial court, however, may dispense with that requirement by taking judicial notice of venue. Williams v. Commonwealth, 289 Va. 326, 333, 771 S.E.2d 675, 679 (2015).

### 1. Judicial Notice of Venue

In order for the Commonwealth to rely upon judicial notice of venue taken below, the record must "*demonstrate clearly* that the trial court has taken judicial notice of the fact." Id. at 333-34, 771 S.E.2d at 679 (quoting Edmonds v. Commonwealth, 43 Va. App. 197, 201, 597 S.E.2d 210, 212 (2004)). A trial court may take judicial notice of a fact without "inton[ing] the words judicial notice," as long as the action is established by the evidence, arguments of trial counsel, and comments of the court. Id. at 333, 771 S.E.2d at 679 (quoting Edmonds, 43 Va. App. at 201, 597 S.E.2d at 212).

---

[2] The Commonwealth also observes that the appellant bears the burden of presenting a "sufficient record to permit a determination whether the circuit court committed an alleged error." Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001). It notes that the transcript contains one or two places where the court reporter was unable to transcribe the dialogue because defense counsel and the trial court were talking "simultaneously." However, the transcript makes clear that neither of those conversations occurred in a context in which the prosecutor would ask the court to take judicial notice or the court would do so. Therefore, we are not persuaded that the gaps in the transcript support a bar to the issue on appeal.

"The taking of judicial notice is generally within the discretion of the trial court." Id. at 332, 771 S.E.2d at 678 (quoting Ryan v. Commonwealth, 219 Va. 439, 446, 247 S.E.2d 698, 703 (1978)). It is a "short cut to avoid the necessity for the formal introduction of evidence in certain cases where there is no need for such evidence." Id. (quoting Williams v. Commonwealth, 190 Va. 280, 291, 56 S.E.2d 537, 542 (1949)). The Supreme Court of Virginia has described two instances in which a trial court may take judicial notice of geographical facts: when they are (1) "matters of common knowledge" or (2) "shown by maps in common use." Id. at 333, 771 S.E.2d at 679 (quoting McClain v. Commonwealth, 189 Va. 847, 853, 55 S.E.2d 49, 52 (1949)).

We hold, based on the record before us, that the trial court did not take judicial notice that the instant offense occurred in the City of Richmond. The Supreme Court of Virginia's opinion in Williams, 289 Va. 326, 771 S.E.2d 675, requires this conclusion. The evidence at trial showed that City of Richmond Police Officer Hager first saw the appellant in the 1700 block of Clarkson Road. The officer radioed for backup, and once other officers arrived, Hager "drove" to the appellant's location near a fence at the Southwood Properties. It was at that location that the appellant provided the false name and was arrested. Nothing in the record indicates how far the Southwood Properties are from the 1700 block of Clarkson Road, whether those properties are on Clarkson Road, whether the appellant continued to walk a distance from the 1700 block, how long Officer Hager waited for backup, or how far the officer had to drive to reach the Southwood Properties from the location where he first saw the appellant. No evidence was presented that the 1700 block of Clarkson Road or the Southwood Properties are in the City of Richmond. There was never any suggestion that either location was in Richmond as a matter of common knowledge, and no map was entered into evidence.

The appellant challenged proof of venue as part of his motion to strike.[3]  His counsel stated, "I don't believe that the Commonwealth has shown proper venue or jurisdiction . . . because there was never any testimony from the officer that all of these acts occurred in the City of Richmond." In response, the prosecutor relied on the fact that Hager was a City of Richmond police officer and asked the court to "take that into consideration" in finding that the event occurred in the officer's jurisdiction.  The trial court brought up the fact that a street was referenced in the testimony.  The appellant's counsel responded that she believed that a street address was given, and the court and prosecutor confirmed that it was Clarkson Road.  As the discussion continued, the appellant's counsel pointed out that although that road is in "the city," it is close to the Chesterfield County line. She noted that she did not know whether it went into Chesterfield.  The appellant's counsel then said, "I don't know if that is something that the Court is willing to do.  Of course, I would ask that the Court . . . not do that, but that . . . is up to the Court."  The trial court denied the motion to strike. In doing so, the court stated, "I believe the jurisdictional issue *has been established*, to my satisfaction anyway."  (Emphasis added).

The Commonwealth never asked the trial court to take judicial notice that the crime occurred in the City of Richmond.[4]  The prosecutor simply asked the court to find that venue had been proven because the crime was committed against a City of Richmond police officer.  Although

---

[3] Although the issue of venue "is properly raised in a motion to dismiss the indictment," the Supreme Court has "impliedly upheld the use of a motion to strike the evidence to challenge venue."  Williams, 289 Va. at 330 n.3, 771 S.E.2d at 677 n.3.  Further, here, as in Williams, the Commonwealth does not challenge the manner in which the issue was raised as a procedural bar. See id.

[4] Relying on the argument of the appellant's counsel to the trial court, the Commonwealth suggests that the record, read in context, establishes that the court took judicial notice of venue when it held that the jurisdictional issue had been established to its satisfaction. We disagree.  It was the prosecutor's burden to ask the court to take judicial notice, not the appellant's burden, and as discussed *infra*, the record shows that based on the motion before the court and arguments of counsel, the ruling was on the sufficiency of the evidence to prove venue, not on the question of judicial notice in order to dispense with the need for such proof.

the appellant's counsel recognized that at least part of Clarkson Road was in "the city," she did not concede or even suggest that the 1700 block of Clarkson Road or the Southwood Properties were in the City of Richmond. Ultimately, consistent with the prosecutor's request to find the evidence sufficient to establish venue, the trial court found that the "jurisdictional issue [had] been established" to its satisfaction.

In order to conclude that the trial court took judicial notice of a fact, the record must "*demonstrate clearly*" that the court actually did just that, so as to dispense with the requirement to prove venue in the City of Richmond. See Williams, 289 Va. at 333-34, 771 S.E.2d at 679 (quoting Edmonds, 43 Va. App. at 201, 597 S.E.2d at 212). A full reading of the record, including the arguments relating to the motion to strike, shows that the trial court was ruling on the sufficiency of the evidence of venue rather than taking judicial notice of either a commonly known geographical fact or one shown by maps in common use.[5] See id. at 337, 771 S.E.2d at 681. Consequently, the trial court did not take judicial notice, and our analysis of venue must turn to a consideration of the sufficiency of the evidence.

### 2. Sufficiency of the Evidence of Venue

Proving venue in a criminal prosecution is the responsibility of the Commonwealth. Id. at 332, 771 S.E.2d at 678. However, because it is not an element of the crime, the Commonwealth need only produce sufficient evidence "to give rise to a 'strong presumption that the offense was committed within the jurisdiction of the court." Id. at 336, 771 S.E.2d at 680 (quoting Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2009)). Venue may be established through direct or circumstantial evidence. Meeks, 274 Va. at 802, 651 S.E.2d at 639; Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).

---

[5] This conclusion is further supported by the context in which the trial court ruled on venue. The parties' arguments and the trial court's ruling addressed venue jointly with the sufficiency of the evidence of the offense.

On appeal, when determining whether the evidence is sufficient to support the trial court's finding of venue, we view the evidence in the light most favorable to the Commonwealth. Williams, 289 Va. at 336, 771 S.E.2d at 680. Further, due to the nature of venue, failure to prove it is usually the result of "inadvertence, flowing naturally from the familiarity of court, counsel, [and] witnesses . . . with the locality of the crime." Id. (quoting Randall v. Commonwealth, 183 Va. 182, 187, 31 S.E.2d 571, 573 (1944)). Consequently, the appellate court "will generally and properly lay hold of and accept as sufficient any evidence in the case . . . from which facts may be *reasonably* inferred." Id. (quoting Randall, 183 Va. at 187, 31 S.E.2d at 573).

Despite this deferential standard, the Supreme Court has made clear that an allegation of venue present in the indictment and the fact that the law enforcement officers in the case are from the jurisdiction of the trial court does not, without more, "support an inference that the crime took place within the . . . territorial jurisdiction" of that court. Id. at 336-37, 771 S.E.2d at 681; see Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975). Here, the indictment only generally references that the offense occurred in the City of Richmond. It makes no reference to either Clarkson Road or the Southwood Properties. In response to the venue challenge, the prosecutor relied exclusively on the fact that Officer Hager was a City of Richmond police officer to prove that the situs of the crime was the City of Richmond. Consistent with the holding in Williams, 289 Va. at 337, 771 S.E.2d at 681, that fact is insufficient to prove venue as a matter of law.

Independent review of the record in light of controlling case law supports the same conclusion. Officer Hager, the only witness, never identified the City of Richmond as the location of the crime. Although the appellant's attorney brought up the name of the road where the officer first saw the appellant and said that a part of the road was in "the city," near the Chesterfield County line, she also acknowledged during her argument challenging venue that she did not know if it

extended into Chesterfield. Neither the location where the officer first saw the appellant, the 1700 block of Clarkson Road, nor where the offense occurred, the Southwood Properties, was identified as being located in the City of Richmond. It is not clear if the Southwood Properties are in the 1700 block of Clarkson Road or even whether they are on or near Clarkson Road. Therefore, even giving the Commonwealth all reasonable inferences and applying the relaxed standard of proof for venue, the evidence simply does not create a "strong presumption" that the identity theft occurred in the City of Richmond.

### III. CONCLUSION

We hold that the evidence, viewed under the proper legal standard, proves that the appellant had the requisite intent to commit identity theft when he provided the false name to the officer. We also hold that the trial court erred when it found that the Commonwealth proved venue in the City of Richmond. Consequently, we reverse the appellant's conviction and remand the case for action consistent with this opinion should the Commonwealth be so advised.

Reversed and remanded.