# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judges Beales and Russell
Argued by teleconference


SAMUEL LEON BURGESS

                                          MEMORANDUM OPINION* BY
v.        Record No. 1270-19-1          CHIEF JUDGE MARLA GRAFF DECKER
                                               OCTOBER 12, 2021
COMMONWEALTH OF VIRGINIA


UPON REMAND FROM THE SUPREME COURT OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

Roger A. Whitus, Senior Assistant Public Defender, for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Samuel Leon Burgess previously appealed his conviction for felony failure to appear in

violation of Code § 19.2-128(B).  He argued that the evidence was insufficient to prove that he

willfully failed to appear after receiving proper notice of his court date.  This Court affirmed the

conviction based on waiver principles.  See Burgess v. Commonwealth, No. 1270-19-1

(Va. Ct. App. May 26, 2020).  The appellant challenged that ruling in the Supreme Court of

Virginia.  The Supreme Court reversed and remanded the case to this Court "for consideration of

[the appellant's] insufficiency [of the evidence] claim on the merits."  See Burgess v.

Commonwealth, No. 200825, at 6 (Va. Aug. 12, 2021) (unpublished order).  On remand, we

conclude that the evidence was insufficient to support the appellant's conviction.  Consequently, we

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reverse the conviction and remand to the circuit court for further proceedings consistent with this opinion.

## I. BACKGROUND[1]

The appellant was arrested for several felony theft and false pretenses crimes and was released on bond. He was initially present in general district court for his preliminary hearing on April 6, 2018. However, by the time "the case was called, he was nowhere to be found." A show cause order was issued for a felony failure to appear for that date (the April failure to appear).

Subsequently, direct indictments were issued for the theft and false pretenses offenses, as well as for the April failure to appear charge. The appellant was again arrested and released on bond. The court appointed counsel for the appellant and set the matter for trial on August 6, 2018. On the date scheduled for trial, the appellant's counsel appeared, but the appellant did not. He was later indicted for failure to appear for his August 2018 trial (the August failure to appear).

The appellant was later apprehended and tried for the two failure to appear charges, as well as the felony theft and false pretenses offenses. With regard to the April failure to appear, the prosecutor submitted a certified copy of an order continuing the appellant's preliminary hearing to April 6. The order, which was admitted into evidence, included the notation that the appellant was present with his attorney at the time of the continuance. The Commonwealth also presented testimony from Detective Benjamin Rivera of the Virginia Beach Police Department that the appellant appeared in court on April 6, 2018, but left before his case was called.

With regard to the August failure to appear charge, the prosecutor did not present any testimony or other evidence establishing that the appellant was aware that the date of August 6,

---

[1] When considering a challenge to the sufficiency of the evidence on appeal, this Court views the evidence, and all inferences reasonably drawn from it, "in the light most favorable to the Commonwealth, the prevailing party in the trial court." Chavez v. Commonwealth, 69 Va. App. 149, 153 (2018) (quoting Sidney v. Commonwealth, 280 Va. 517, 520 (2010)).

2018, had been set for trial. The only evidence of any sort pertaining specifically to the August trial date came from Detective Rivera. He testified that the appellant's trial was set for August 6, 2018. The detective said that he was personally present that day and the appellant was not.

In the appellant's closing argument relating to the August failure to appear charge, counsel stressed the lack of any evidence "that [the appellant] was provided notice to be in court that particular day." Counsel asked the court to dismiss the August charge on that basis. The prosecutor asserted that the trial court's record reflected certain relevant facts about notice. The appellant's attorney replied, "That may be in the court's record, but it's not evidence for today's purposes." The prosecutor suggested that the court could "reopen" the case, "look at its own file[,] and take judicial notice." The judge simply replied, "[m]ove along," and made no reference to judicial notice.

The court "f[ound] the evidence sufficient to convict" the appellant of the August failure to appear offense. It also convicted him of the April failure to appear offense, as well as the theft and false pretenses charges. The appellant was sentenced to a total of twenty-four years in prison for those convictions, including four years for the August failure to appear. The court suspended all but three years eleven months of the combined total sentences.

## II. ANALYSIS

The appellant contends that the evidence was insufficient to prove that he received proper notice of the August 2018 court date and, consequently, the Commonwealth did not prove that his failure to appear was willful.

In an appeal challenging the sufficiency of the evidence, we review the trial court's findings of fact "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608 (2006). This deference applies to both "basic facts" and "any resulting inferences" as long as those inferences are reasonable. Id. If the "evidence[] support[s] . . . the conviction, 'the

- 3 -

reviewing court is not permitted to substitute its own judgment.'" Chavez v. Commonwealth, 69 Va. App. 149, 161 (2018) (quoting Banks v. Commonwealth, 67 Va. App. 273, 288 (2017)). The appellate court does not ask whether *it* "believe[s] 'the evidence at the trial established guilt beyond a reasonable doubt.' [Instead, it] ask[s] only whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Thomas, 48 Va. App. at 608 (citation omitted) (quoting Stevens v. Commonwealth, 46 Va. App. 234, 249 (2005) (*en banc*)).

Code § 19.2-128(B) provides in pertinent part that "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required [is] guilty of a Class 6 felony." A conviction for violating the statute requires proof that "the defendant was charged with a felony, [was] required to appear before a court, and willfully failed to appear as required." Chavez, 69 Va. App. at 156.

"'Willfully,' as used in Code § 19.2-128(B), . . . mean[s] that the act must have been done 'purposely, intentionally, or designedly.'" Williams v. Commonwealth, 57 Va. App. 750, 763 (2011) (quoting Hunter v. Commonwealth, 15 Va. App. 717, 721 (1993) (*en banc*)). "[T]here are multiple means by which the Commonwealth may prove a defendant willfully failed to appear . . . ." Chavez, 69 Va. App. at 159.

One method of proving willfulness involves establishing a failure to appear after timely receipt of notice to appear. Id. at 159-60. Proof of a failure to appear after notice is "*prima facie* evidence that such failure to appear [was] willful." Id. at 158 (alteration in original) (quoting Hunter, 15 Va. App. at 721); see also id. at 162 (noting that willfulness can also be proved "by showing that a defendant purposefully engaged in a course of conduct designed to prevent" the receipt of notice). Additionally, "where a defendant has been given notice of an original appearance date, that defendant 'is charged with notice of those dates to which his or her case is expressly continued when such action is duly recorded in [an] order of the court.'" Id. (quoting Hunter, 15

- 4 -

Va. App. at 722).  Finally, "if the [defendant's] attorney had actual notice of the . . . [court] date, the fact finder may infer from that evidence that the [defendant] also had actual notice of the [court] date."  Id. at 162-63 (alterations in original) (quoting Hunter, 15 Va. App. at 722).

Here, as the Supreme Court pointed out in its order remanding the case, the prosecution attempted to prove willfulness only by establishing that the appellant had notice of the trial date, supporting the inference that his failure to appear was willful.  We conclude that the record does not prove notice of the trial date and consequently does not support an inference of willfulness.

As the Supreme Court intimated in its remand order, see Burgess, No. 200825, at 5-6, the decision in Edmonds v. Commonwealth, 43 Va. App. 197 (2004), relating to judicial notice is controlling.  In Edmonds, the defendant took an item from a store shelf and attempted to return it for a refund even though she had not purchased the item.  43 Va. App. at 199.  She was apprehended by a store loss-prevention officer and was later served with an arrest warrant for felony larceny.  Id. The arrest warrant reflected a particular date and time for a hearing.  Id.  The loss-prevention officer appeared for the scheduled hearing, but the defendant did not.  Id.

At Edmonds' later trial for felony failure to appear, the loss-prevention officer testified that she did not appear on the date reflected in the warrant.  Id. at 198-99.  However, no witness "testified that [the defendant] had notice of the . . . hearing date," and the prosecution did not offer the warrant itself into evidence.  Id. at 199-200.  Edmonds' counsel made a motion to strike on the ground that no evidence proved that the defendant received notice of the hearing date.  Id. at 199. The prosecutor responded that the court could "take judicial notice of its records at any time."  Id. The court denied the motion to strike without making any specific findings or mentioning judicial notice, and it convicted the defendant of failure to appear.  Id. at 198-200.

On appeal, Edmonds challenged the conviction on the ground that the evidence failed to prove that she received notice of the hearing.  Id. at 200.  The Commonwealth asserted that the trial

court took judicial notice of service of the warrant reflecting the hearing date. Id. This Court reversed because although the parties' arguments reflected that "the issue of judicial notice was before the [trial] court, no statement of the . . . court clearly demonstrate[d] that it took judicial notice of the fact sought to be proved, i.e. the date and time of the hearing." Id. at 202. The Court held that "a trial court need not intone the words 'judicial notice'" but that the trial court's *statements* "*must demonstrate clearly*" that it took judicial notice of the fact at issue in order for a party to "rely upon such notice on appeal." Id. at 201 (quoting Dillard v. Commonwealth, 28 Va. App. 340, 347 (1998) (emphasis added)), quoted with approval in Williams v. Commonwealth, 289 Va. 326, 333-34 (2015). This "requirement[] ensure[s] that the opposing party has an opportunity to object either to the facts noticed or to the manner in which such notice is taken." Id.; see Williams, 289 Va. at 334-35. The Court concluded that the evidence proved merely that the defendant "did not appear on the date the 'cases were scheduled'" and did not prove "that [she] had notice of the date and time of the hearing." Edmonds, 43 Va. App. at 200. Absent evidence of notice of the date and time, the Commonwealth was not entitled to the inference that her failure to appear for the hearing was willful. See id. at 200-02. On that basis, the Court reversed the defendant's failure to appear conviction. Id. at 203.

In the instant case, similar to Edmonds, the prosecutor *asked* the trial court to take judicial notice of the order that set the appellant's trial for August 6, 2018. However, also like in Edmonds, nothing in the record shows that the trial court did so. Instead, to the contrary, the judge simply told counsel to "[m]ove along." The record therefore does not "*demonstrate clearly*" that the trial judge took judicial notice that the appellant had been advised of the August trial date. See id. at 201 (quoting Dillard, 28 Va. App. at 347 (emphasis added)); see also Williams, 289 Va. at 334. Additionally, nothing admitted into evidence at trial proved that the appellant had notice of that date. The Commonwealth's witness, Detective Rivera, testified simply that he was present for the

appellant's August 2018 trial and the appellant was not. See Edmonds, 43 Va. App. at 199-200. Absent proof of actual or constructive notice, the appellant's failure to appear is not "*prima facie* evidence*" that the failure to appear was willful. See Chavez, 69 Va. App. at 158. Consequently, this record is devoid of any evidence of willfulness, through notice or otherwise, and the evidence is insufficient to support the appellant's conviction for failure to appear. See Edmonds, 43 Va. App. at 200-02.

## III. CONCLUSION

For these reasons, the evidence was insufficient to prove that the appellant willfully failed to appear for his August 6, 2018 trial. Accordingly, we reverse the appellant's conviction for the August 2018 failure to appear and dismiss the indictment. The case is remanded to the trial court to clarify how this ruling impacts the appellant's remaining sentences in light of the fact that the sentencing order does not explain how the court apportioned the periods of active and suspended incarceration among the various offenses covered by that order. The court is also directed to correct a clerical error in the conviction and sentencing orders.[2]

Reversed and remanded.

---

[2] The conviction and sentencing orders erroneously cite Code § 18.2-128 rather than Code § 19.2-128 as the statute under which the appellant's two convictions for failure to appear were rendered. See Code § 8.01-428(B); Howell v. Commonwealth, 274 Va. 737, 739 n.*, 742 (2007); Atkins v. Commonwealth, 68 Va. App. 1, 10 (2017).